## The Young Stone Dressing Company *vs.* The Wardens and Vestry of St. James' Church, impleaded &c.

L. being engaged in erecting a church edifice for the defendant, contracted with the plaintiff for the cut freestone required for such edifice, the same to be paid for on delivery. A quantity of stone was accordingly delivered by the plaintiff, and paid for on delivery. L. then agreed with the plaintiff to pay the further sum of $1500 for the stone required to complete the building, by giving the plaintiff an order upon the defendant for that amount. Such stone being delivered, the plaintiff received a certificate from the architects, stating that L. was entitled to $1500, on his contract, and an order from L. for the payment of that sum. Such order being presented to the treasurer of the defendant, he neither paid nor accepted the same, nor promised to pay it, but assented to the same as a transaction between L. and the plaintiff, and postponed the same to a time when certain installments should become due to L. under his contract, and when the corporation should be in funds.

*Held* that the transaction amounted to an equitable assignment of the amount specified in the order, assented to by the agent of the corporation, to take effect when subsequent payments should become due; and, as such, was entitled to be paid in preference to a lien under the Mechanics' Lien Law, subsequently placed upon the building by other creditors.

*Held, also*, that there was nothing in the assignment that violated the provision in the lien law forbidding a transfer of the contractor's interest in the contract.

That this was not such an assignment; as it did not transfer the contract, or an interest in it, but a payment coming due under it.

And even if it did, that objection only applies to a contract between parties having liens, and not between a creditor and the owner.

APPEAL by the defendant, the church corporation, from a judgment entered upon the report of a referee.

The complaint alleged that the plaintiff was a corporation duly incorporated, under and by virtue of an act entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," passed February 17, 1848, and the acts amendatory thereof, and doing business in the city of New York. That the defendant, the Wardens and Vestry of St. James' Church, was a religious corporation in the city and county of New York, duly incorporated, under and by virtue of the laws of the State of New York. That heretofore the said defendant, the Wardens and Vestry of St. James' Church, made and entered into a contract with the defendant Frank Lyon, to furnish material and erect a church edifice upon certain lots of ground owned by said corporation, situate on the northerly side of Seventy-second street, in the city of New York, for the price, and to be paid as particularly set forth in a written contract between said parties. That, subsequently, the defendant Frank Lyon agreed with the plaintiffs to furnish certain cut freestone, required in the erection of said building, to be paid for upon the delivery of said stone. That the plaintiff afterwards delivered cut freestone at said building, in price amounting to $3750, and received that amount in payment therefor. That the said defendant Frank Lyon then agreed with the plaintiff to pay the further sum of $1500, for the cut freestone required to complete said building, by giving the plaintiff an order upon the defendant, the church corporation, for that amount. That, accordingly, the plaintiff did furnish, and delivered at said building, said cut freestone of the value of $1500, which was used in the completion of said building, and received from said Frank Lyon a certificate and order, of which the following is a copy, namely:

Young Stone Dressing Co. *v.* Wardens &c. of St. James' Church.

"New York, October 30, 1869.

This is to certify that Mr. Frank Lyon, mason, is entitled to fifteen hundred dollars on account of fifth and sixth installments, due as per terms of contract with St. James' Church.

$1500.					RENWICK & SANDS, Archts."

"Pay to Messrs. Young, stone-cutters, the above amount of fifteen hundred dollars, and charge the mason's contract.

$1500.					FRANK LYON."

That the plaintiff, thereupon, and on or about the day of the date of said certificate and order, presented the same to the treasurer of said defendant corporation for payment, who then and there promised to pay the same, and the said defendant corporation has not paid the same, nor any part thereof. Wherefore the plaintiff demanded judgment against the said defendant for the sum of $1500, with interest from October 30th, besides costs.

The defendants, the Wardens and Vestry of St. James' Church, by their answer, admitted that the plaintiff was a corporation duly incorporated, under and by virtue of the act or acts mentioned in the complaint; and that they, the defendants, were a religious corporation in the city of New York, duly incorporated under the laws of the State. They also admitted that they, the defendants, did enter into a contract with the defendant Frank Lyon to furnish material, and erect a church edifice upon certain lots of ground owned by said defendants, the Wardens and Vestry of St. James' Church, and described in said complaint. That on or about the 30th day of October, 1869, the plaintiff presented to the treasurer of the defendants, the Wardens and Vestry of St. James' Church, the certificate and order mentioned and set forth in the complaint in this action. And the said defendants, for a further answer, stated, that at the time of the presentation of the said certificate and order, the treasurer of the defendant corpora-

tion informed the plaintiff that there were no funds in his hands due to the defendant Frank Lyon, by the terms of said contract, but if the plaintiff would call in a few days, he, the treasurer of the defendant corporation, would either pay said order, or state when it would be paid; that before the said order was presented again, and on or about the 8th day of November, 1869, the firm of Arnold & Co., material men, who had furnished material to the defendant Frank Lyon, for the erection of the said church edifice, filed a mechanic's lien affecting the said church edifice and premises, and gave notice thereof to the said treasurer; that said lien is now being foreclosed, and that the plaintiff in this action is a party defendant to the last mentioned action. That the facts necessary to a complete adjudication of the rights of all parties are before the court in that action. That these defendants, the Wardens and Vestry of St. James' Church, are not in any way personally liable to pay the claim of the plaintiff in this present action, but that it is a question between the said Arnold & Co. and the plaintiff, only, as to who is entitled to the balance of the contract money still in the hand of the said church. Wherefore the defendant corporation prayed that the plaintiffs might be compelled to abide by the judgment of the court in the action brought by said Arnold & Co., and that the complaint in this action be dismissed, with costs.

The action was referred to a referee, who found the following facts:

That the plaintiff was, at the times stated in the complaint, a corporation duly incorporated, as therein alleged, and that the first named defendant was, at the times stated in the complaint, a corporation duly incorporated, as alleged in the complaint, and was the owner of certain lots of ground, situate on Seventy-second street, in the city of New York. That the said first named defendant entered into a contract with the defendant Frank Lyon, for the

latter to furnish materials and erect a church edifice upon the said lots of ground. That subsequently the said defendant Lyon agreed with the plaintiff, for the latter to furnish certain cut freestone, required in the erection of said building, to be paid for upon the delivery of the said stone, and that the plaintiff afterwards delivered cut freestone at said building, in price amounting to $3750, and received payment therefor. That the defendant Lyon then agreed with the plaintiff to pay the further sum of $1500 for the cut freestone required to complete said building, by giving to the plaintiff an order upon said defendant corporation for that amount. That, accordingly, the plaintiff did furnish and deliver at said building cut freestone, of the value of $1500, which was used in the completion of said building, and received from the defendant Lyon a certificate and order, a copy of which certificate and order was set forth in the complaint. That the plaintiff thereupon, and on the 30th day of October, in the year 1869, presented the said certificate and order to the treasurer of the said defendant corporation for payment, who, then and there, did neither pay nor accept the same, nor promise to pay the same, but who then assented to the same as a transaction between the said Lyon and the plaintiff, and postponed the same to a time when the fifth and sixth installments, should be due to said Lyon under the said contract, and when said defendant corporation should be in funds. That at the time the said certificate and order were so presented to the treasurer, there was $500 unpaid, and not yet due to the said Frank Lyon, on the fifth installment upon his said contract with said defendant corporation, and $2600 unpaid, and not yet due, on the sixth and last installment upon the said contract. That on the 8th day of November, 1869, Welcome V. R. Arnold, and others, copartners, filed a notice of lien against the said defendant corporation as owner, and said Frank Lyon as contractor, for an amount exceed-

ing all moneys then to become due to the said Frank Lyon, for materials furnished for said building, on account of a contract made by them with him, and that at the time of the filing of such notice of lien, no money had become due to the said Frank Lyon by the said defendant corporation upon their said contract. That the plaintiff did, on the 10th day of November, 1869, file a notice of lien against the said defendant corporation as owner, and Frank Lyon as contractor, for the said sum of $1500, for the said cut stone supplied by it to Lyon for the said building. That the plaintiff, on the trial of this action, disavowed the said lien as a ground of claim in this action. That the said Frank Lyon afterwards abandoned his contract, made with said corporation defendant, which did, then, under said contract, proceed to complete the same by other parties, and completed the same by the 1st day of January, 1870, at an expense of $1350, leaving a balance of $1750 in the hands of said defendant corporation at that time, upon which the interest to the 1st day of March, 1871, was $142.91, making a total of $1892.91. That the interest on $1500 from the 1st of January, 1870, to the date of the report, was $122.50, and that such principal and interest amounted to $1622.50. And the referee found, as matters of law, as follows, to wit:

1. That the plaintiff, upon the delivery of the said cut stone, obtained a right to the lien provided for by the act of 1863. (*Laws of* 1863, *ch.* 500, § 1.)

2. That the plaintiff, upon the delivery to him of the said certificate and order, and the presentation thereof by him to the treasurer of the said defendant corporation, did obtain an equitable assignment to the amount thereof, of moneys to become due to the said Frank Lyon, upon his contract with the said corporation defendant, giving him priority as of the date of such presentation, and payable when so due.

3. That the equitable assignment so made by the con-

tractor Frank Lyon to the plaintiff, of so much money, payable for stone supplied and used under the contract of Lyon with said defendant corporation, for the building of the said church edifice, was not such an assignment by the contractor of his interest in the contract as is prohibited by the 13th section of the said last mentioned act.

4. That the notice of lien, filed by the said Welcome V. R. Arnold and others, did not operate to hinder the right of the plaintiff to payment of the said sum of $1500.

5. That the plaintiff was entitled to payment of the said $1500, and interest thereon, from the 1st day of January, 1870, and to judgment therefor, against the defendant, with costs.

Judgment was entered accordingly.

*Wm. Henry Arnoux,* for the appellant.

*A. B. Capwell,* for the respondent.

*By the Court,* INGRAHAM, P. J. The findings of the referee were consistent with the evidence, and show a right of action against the defendants, as soon as such amount became payable. When the order was presented to the treasurer, he did not accept or refuse, but postponed the matter to a future day, when he would tell them as to the time of payment. On the order and certificate, the stone was delivered, and the same was used by the defendants; and without such order no delivery would have been made, the same being done to protect the church. This course of dealing was similar to what had existed previously between Lyon and the defendants, although the plaintiff had no knowledge of previous payments made on such certificates. Under this state of facts, we think the same may be considered as an equitable assignment of the amount, assented to by the agent of the

defendants, to take effect when subsequent payments became due, and, as such, entitled to be paid in preference to the lien of Arnold & Co., subsequently filed.

There is nothing in the assignment which violated the provision in the lien law which forbids a transfer of the contractor's interest in the contract. This is not such an assignment. It does not transfer the contract, or an interest in it, but a payment coming due under it. Even if it did, that objection only applies to a contract between parties having liens, and not between a creditor and the owner.

We see no reason to interfere with the findings of the referee.

. . Judgment affirmed.

