DAVID GURNEE, RESPONDENT, *v.* LEWIS H. HUTTON, APPELLANT.

63  197
67  104

*Order — not accepted — when it is an assignment of a fund — future earnings.*

Augustus Brinkerhoff agreed to construct a hot-water heating apparatus for Lewis H. Hutton, who agreed to make payment therefor in installments as certain parts of the work were completed. Brinkerhoff thereafter purchased a horse of David Gurnee and gave him an order on Hutton for $125 "in sums as mentioned in contract for erecting hot-water heater." A few days later the order was taken to Hutton and left with him.

Upon the trial of an action by Gurnee against Hutton the jury found that a certain sum was due from Hutton to Brinkerhoff upon the contract.

*Held,* that the instrument was not valid as a draft.

That it was good as an assignment of moneys due, and to become due, Brinkerhoff under the contract, and that Hutton was bound, upon receipt of it, to apply the fund as it accrued to the payment of the order in favor of Gurnee.

APPEAL by the defendant Lewis H. Hutton from a judgment of the Supreme Court, entered in the office of the clerk of the county of Rockland on the 20th day of May, 1891, upon a verdict for the plaintiff of $119.70, after a trial at the Rockland Circuit before the court and a jury.

*Abraham A. Demarest,* for the appellant.

*William E. Gowdey,* for the respondent.

DYKMAN, J.:

On the 8th day of August, 1889, Augustus Brinkerhoff made an agreement in writing with the defendant to construct for him a hot-water heating apparatus in his residence in Nanuet, Rockland county, for $430, to be paid as follows: Three hundred and thirty dollars to Eaton, Cole & Burnham Company, thirty days after the material was purchased; twenty-five dollars to Brinkerhoff when the heater was set and the mains run in the cellar; twenty-five dollars to Brinkerhoff when the work was complete and the apparatus was set up as specified; fifty dollars to Brinkerhoff when the apparatus had been tested in first cold weather and found satisfactory.

Brinkerhoff purchased a horse of the plaintiff in this action for $125, and gave him in payment therefor an order upon the defendant in writing, of which the following is a copy:

"NYACK, *Oct.* 2, 1889.

"Mr. Louis Hutton, Jr., please pay to the order of Mr. David Gurnee the sum of one hundred and twenty-five dollars, in sums as mentioned in contract for erecting hot-water heater.

"By order of
"A. BRINKERHOFF."

The order was taken to the defendant and left with him a few days after it was drawn.

Brinkerhoff commenced work on the heater in September, and he says there was about fifty dollars due him under the contract when the order was drawn. He did not complete the work, and he testified that he was prevented from so doing by the defendant, and that there was not more that twenty-five dollars worth of work left undone. He also claimed to have done fifty dollars worth of work beyond the contract, and that there was due him from the defendant, on account of the contract, $125.

The defendant, on the contrary, claimed that nothing was due to Brinkerhoff under the contract, and that he had been compelled to expend more than the contract-price for the completion of the heater by reason of the failure of Brinkerhoff to perform his agreement.

The cause was tried at the circuit and submitted to the jury by a charge which was faultless. The trial judge charged the jury that the order constituted an equitable assignment of the fund, if there was a fund upon which it could operate.

That it was an assignment of the money that might become due to Brinkerhoff under the contract to the extent of $125, and that the plaintiff was entitled to recover $125, provided that sum became due from the defendant to Brinkerhoff.

He charged further, that as it was conceded Brinkerhoff did not complete his contract the jury must determine where the fault was. That if Brinkerhoff was delayed in his work by the condition of the building that would be a valid excuse. But if, on the contrary, he was not delayed, then he never completed the contract, and he was

not entitled to his final payment, even though he did some work, because he was bound to complete his contract as an entirety before he could recover the last payment.

Under this charge the jury found a verdict for the plaintiff for $119.70, and we must assume that the facts were found in favor of the plaintiff, and that the defendant was indebted to Brinkerhoff under the contract in the sum of $119.70. With the facts so settled it becomes necessary to determine the legal effect of the order under the surrounding circumstances, and in view of the fact that it never was accepted in writing by the defendant.

If the instrument is to be viewed in the light of a draft to be paid by the defendant, without regard to the source from which the money for its payment was to be obtained, then, even though the fund or source from which the defendant was subsequently to reimburse himself was indicated, then the draft will not operate as an assignment of such fund, and the plaintiff cannot maintain this action in the absence of an acceptance of the draft.

But as in this case the order was drawn for a valuable consideration, as between Brinkerhoff and the plaintiff, if it is to be considered as drawn upon the defendant to be paid from the money due or to become due from him to Brinkerhoff under the contract for the construction of the heater, then the mere delivery of the order to the defendant operated as an assignment of that fund, and the defendant was bound, upon the receipt of the draft, to apply the fund as it accrued to the payment of the order. (*Brill* v. *Tuttle*, 81 N. Y., 454: *Lauer* v. *Dunn*, 115 id., 405.)

We think the language of the draft, and the evidence and the circumstances surrounding the parties and the transaction, show clearly that this order was drawn upon the defendant to be paid from the money due and to become due under the heater contract; and that there was no intention or expectation that the defendant would pay the same upon the credit of the drawer, and apply the money as it became due under the agreement to his reimbursement.

In the first place the order itself directs the payment " in sums as mentioned in contract for erecting hot-water heater," and thus in plain terms evinces the intention of the drawer to have the payments made at different times, and in small sums, as they became due him under the contract.

Then, when the order was presented to him, there was no demand for immediate payment, and in the subsequent conversations between the parties there was no expression of intention to procure payment of the draft otherwise than from the money due from the defendant under the contract with the drawer, and even the defense upon the trial proceeded mainly upon the ground that there was nothing due under the contract.

All the circumstances point in the same direction. The drawer of the draft had purchased a horse of the plaintiff, for which he desired to pay; and in the expectation that the defendant would soon become indebted to him, he directed him to pay such indebtedness as it became due to the plaintiff instead of himself; and, within the authorities cited above, all these facts lead to the conclusion that the order operated as an equitable assignment of the fund.

Our conclusion, therefore, is, that the exceptions are not well taken, that the record presents no error, and that the judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.