CHARLES BEARDSLEY, RESPONDENT, *v.* GEORGE H. COOK, APPELLANT.

*Order drawn by building contractors on an owner, in favor of a sub-contractor, and accepted — effect thereof.*

An order drawn by building contractors on the owner, in favor of a sub-contractor for materials, was in the following words:

"Retain and pay to Charles Beardsley, of Poughkeepsie, N. Y., from the last payment to be made by you to us on account of your contract for building houses in Dean St., Brooklyn, the sum of eleven hundred and seventy-five ($1,175.00) dollars, according to the terms of our contract with Mr. Beardsley,"

And was accepted by the owner.

*Held,* that such order operated, when given, as an assignment of any fund due the drawers at that time, and also to assign any funds as fast as they became due.

That such assignment would take precedence of any mechanics' liens filed after that date, and a payment thereunder would be a payment *pro tanto* on the contract.

That after such order had been given, and the delivery of materials under it, no arrangement that the owner might make with the contractors could affect the rights of the payee.

That the form of the order that the owner should pay the sub-contractor out of the last payment to be made on account of the contract, did not mean that the payee must take the risk of the last payment under the contract ever becoming due, but referred to the last payment to be made by the owner to the contractor, or, in other words, meant that the owner should always keep enough back to pay the sub-contractor his claim.

APPEAL by the defendant, George H. Cook, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Dutchess on the 8th day of July, 1892, in favor of the plaintiff, Charles Beardsley, for the sum of $1,061 damages, besides costs, on a trial before the court without a jury.

The action was brought by Charles Beardsley, a sub-contractor, against George H. Cook, the owner of certain premises in Brooklyn, on the following order, drawn by Davis & Fay, contractors, for the erection of buildings for Cook:

"Mr. GEORGE H. COOK, 50 *Broadway, N. Y. City*:

"Retain and pay to Charles Beardsley, of Poughkeepsie, N. Y., from the last payment to be made by you to us on account of our contract for building houses in Dean·St., Brooklyn, the sum of eleven hundred and seventy-five ($1,175.00) dollars, according to the terms of our contract with Mr. Beardsley.

                                              "DAVIS & FAY.
"Dated NEW YORK, *Dec.* 11, 1890."

This order was accepted by the defendant by writing upon its face — "Accepted. Eleven hundred seventy-five dollars. George H. Cook."

The following facts appeared from the findings of the trial judge:

On or about the 1st of August, 1890, Davis & Fay entered into a contract with the defendant Cook to furnish material and labor for two buildings in Dean street, Brooklyn, N. Y. This contract provided for the payment of $6,381 to Davis & Fay, in certain specified installments as the work progressed, with a final payment of $2,181 "when all complete."

The trial court found substantially as follows: That Davis & Fay sub-contracted a portion of the material and work on said building to others, among whom was the plaintiff, Charles Beardsley. The sub-contract with Beardsley was made on the 29th day of August, 1890, and signed by Davis & Fay on the one part and Charles Beardsley on the other. By this contract Beardsley was to furnish material and trim for buildings on Dean street, Brooklyn, in process of erection for defendant Cook. Beardsley entered upon said sub-contract and furnished material and trim to the satisfaction of all parties up to about the 11th day of December, 1890, at which date there were several payments due Beardsley from Davis & Fay by the sub-contract. Davis & Fay executed and delivered to said Beardsley the order in suit, which was duly accepted by the defendant. At the time of the acceptance of the order the plaintiff had delivered, and the same was accepted by the defendant Cook and put in the buildings, about $600 worth of material and trim. About $400 worth of material and trim was delivered afterwards and put in the buildings, being in all about $1,000 worth.

Subsequently the defendant Cook took charge of the building and agreed to finish the same by a contract between himself and Davis & Fay, to which the plaintiff was not a party. Under this contract the buildings in Dean street were actually finished. No demand had been made on the plaintiff Beardsley for the balance of the material and trim. The part undelivered was burned in Beardsley's factory, and Davis & Fay got the articles not delivered elsewhere without objection, and the contract was finished. The plaintiff has not received any sum whatever for the material and trim furnished by him, and which was used up in the buildings of defendant.

The court found, as conclusions of law, that plaintiff was entitled to compensation for the materials furnished under his contract with Davis and Fay, and for which the defendant accepted the order; that the order accepted by the defendant became a lien on all moneys due Davis & Fay thereafter and ahead of all mechanic's liens filed; and that the defendant was justly indebted to the plaintiff in the sum of $1,000, with interest thereon from the date of the demand for the payment of said order of defendant, viz., the 1st day of July, 1891, for which, with costs, the plaintiff was entitled to judgment.

*John H. Clapp*, for the appellant.

*Edward Crummy*, for the respondent.

PRATT, J. :

This is an appeal from a judgment entered upon a trial before a judge of this court, without a jury. The defendant in his brief makes no point that the findings are not warranted by the evidence. The only question, therefore, to be considered is whether the conclusions of law are proper from the facts found.

We have, however, examined the exceptions filed to the findings of fact and find that each of said findings are supported by the evidence in the case. The order in question was given in consideration of the sum of between $400 and $700, then due and more, to receive for materials furnished upon a certain building contract made between the owner and certain contractors. The plaintiff continued to furnish material up to about the sum of $100, which were received and were without objection.

The court found facts sufficient to constitute a waiver of the obligation on the part of plaintiff to furnish materials to the full extent of the order, so that no point can be made that the plaintiff did not carry out his contract. The order, when it was given, operated as an assignment of any fund due the drawer at that time, and also to assign any funds as fast they became due. (*Gurnee* v. *Hutton*, 63 Hun, 197; *Gibson* v. *Lenane*, 94 N. Y., 183; *Manchester* v. *Braedner*, 107 id., 346.)

Such assignment would take precedence of any mechanics' liens filed after that date, and such assignment would have been regarded as a payment *pro tanto* on the contract. (*Stevens* v. *Ogden*, 130 N. Y., 182; *Young Stone Dressing Co.* v. *St. James Church*, 61 Barb., 489, and *Gibson* v. *Lenane, supra.*)

After the order or assignment and the delivery of the materials under it no arrangement that the defendant might make with his contractors could affect the rights of the plaintiff. (*Home Bank* v. *Drumgoole*, 109 N. Y., 63.)

The form of the order that the drawee should pay the plaintiff out of the last payment did not mean that plaintiff must take the risk whether the last payment under the contract should ever become

due, but referred to the last payment to be made by the defendant to the contractor, or, in other words, the defendant should always keep enough back to pay the plaintiff his claim.

The judgment is right and must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.