GEORGE W. CROUCH, Jr., Appellant, *v.* GUSTAVE MULLER, Respondent.

A contractor with the owner of land for the erection of a building thereon executed to C., who had furnished materials, an order upon the owner directing him to pay C. a sum specified, and deduct the same from the amount of the contract. In an action to recover the amount of the order, *held*, that the order amounted to an equitable assignment *pro tanto;* but that, in the absence of due prior notice to the owner of the assignment, he was only liable for the amount remaining unpaid on the contract when the action was brought.

Defendant was a German who did not understand English; the order was shown to him and described as a note for him to sign for the amount stated therein. *Held*, that this was not due notice.

(Argued February 26, 1894; decided March 6, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the October term, 1892, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

This action was brought to recover upon the following instrument :

"ROCHESTER, N. Y., *Oct.* 18, 1889.

"Mr. G. MULLER :

"DEAR SIR.— Please pay to George W. Crouch, Jr., one thousand dollars ($1,000.00) and deduct the same from the amount of my contract for building your house on Sullivan street.

"J. B. SCHEUCH."

The complaint alleged, and it appeared, that said order was given to plaintiff in payment for materials furnished, to be used by Scheuch in erecting a house for defendant under a contract between them. The complaint alleged that on the day of the delivery of the instrument it was presented to defendant, notice given him of its contents and payment demanded, but that no payment has been made upon it. Defendant denied the presentation or any notice of the giving of the instrument prior to the last payment on the contract; he admitted that there was still due upon the contract the sum of $153.90, and this amount, with interest from the completion of the contract, he made an offer to pay. A verdict was directed and rendered for that amount.

Further facts are stated in the opinion.

*C. F. Dean* for appellant. The order given to plaintiff by contractor Scheuch was properly drawn and did not require acceptance to bind defendant. (*Munger* v. *Shannon*, 61 N. Y. 251, 257.) After notice of the order, the owner was bound to apply the fund to its payment and to no other purpose. (*Lauer* v. *Dunn*, 115 N. Y. 405, 409.) Defendant had sufficient notice of the order and his obligations under it to put him on inquiry as to the rights of plaintiff "and he is chargeable with a knowledge of all the facts that an inquiry *properly* made would have disclosed to him." (*Ellis* v. *Horsman*, 90 N. Y. 466, 473, 474.) The defendant's daughter was, as interpreter, the accredited agent of the parties, acting within the scope of her authority and in the execution of her agency, and plaintiff could give her answers in evidence. (Phillips on Ev. 519 ; 1 Greenl. on Ev. [15th ed.] 257, 258, §§ 182, 183.) There was a sufficient question of fact to go to the jury. (*Heermans* v. *Ellsworth*, 64 N. Y. 159.)

*J. W. Taylor* for respondent. The plaintiff failed to show that the defendant had knowledge that the plaintiff held an assignment of an interest in the contract price when he paid the amounts due on the contract to Scheuch. (*Brill* v. *Tuttle*,

81 N. Y. 457; *Lauer* v. *Dunn*, 52 Hun, 194.)   The plaintiff was bound to prove notice to the defendant of the assignment, in order to protect himself against subsequent payments. (*Heermans* v. *Ellsworth*, 64 N. Y. 156.)

FINCH, J.   The order drawn by the contractor upon the defendant, by its terms and under the circumstances, operated as an equitable assignment of the sum expected to become due upon the owner's contract with the builder. (*Brill* v. *Tuttle*, 81 N. Y. 457.)   There would be no doubt of plaintiff's right to recover the whole of such sum if due notice of the assignment had been given to the drawee; but the trial court and the General Term have concurred in the conclusion that no such notice was given, and have so held as matter of law upon the evidence.   It is that ruling which is assailed on this appeal.

If there was no proof except that given by the two persons who presented the order to the defendant it would be easy to uphold the decision made, for the defendant did not understand English, and was not fully or correctly informed of the contents of the paper by Miller, who sought to explain it in German.   Both of these persons described it as a paper to be signed by the defendant, and he must necessarily have understood it to be, if not a note, as he testified, at least an order depending for its effect upon his signature and acceptance, and so not an equitable assignment of the fund which could operate without his assent.   The agents of the plaintiff, therefore, misled him, and failed to give him the requisite notice. They knew he could not read English, and came prepared for that emergency, but instead of translating the order itself into German they described in that language their own mistaken idea of its legal effect, and instead of leaving the order or a correct copy of it with him, so that he might procure it to be translated into his own language, they took the instrument away and left him with an incorrect understanding of the paper, and without means of correcting it.

But the question becomes closer and more difficult when we

come to the testimony of the defendant himself.  He says at
first that Babcock said to him, "Here I bring a note of a
thousand dollars," which he wants me to sign and I wouldn't
do it.  He adds, "Babcock read it and Miller translated it
into German for me."  How Miller translated it he had him-
self testified, and what the defendant meant by such transla-
tion became apparent when he stated in answer to the court
what it was that Miller said.  His statement was : "Miller
said, 'Here I bring a note of a thousand dollars and I want
you to sign it.'"  So far it is quite clear that no such idea as
that of an equitable assignment had been conveyed to the
mind of the defendant, or had been understood or compre-
hended by him, but, on the contrary, the notice was of an
order requiring an acceptance and signing by him as essential
to its operative force.  The trouble arises from what he fur-
ther said.  He testified, "I told Miller I wanted to see my
architect and my lawyer.  I saw my attorney and my archi-
tect both afterwards.  I went to the architect and asked, who
do I owe the money ?  Who am I to pay this money
to, the contractor or to Crouch ?"  It is argued that
this inquiry of the defendant justifies a possible inference that
he knew and understood the true character of the order; that
he realized that Crouch in some manner had asserted a claim
upon him for the balance to become due, and that for such
reason he sought to ascertain to which of the two he ought to
make payment : and so a question arose as to the real tenor
and effect of the notice which should have been submitted to
the jury.  The point is somewhat close, but I am inclined to
think that the defendant's statement does not change the
situation, and is consistent with all that preceded it.  The
defendant did know, for he had been told, that his contractor
had drawn an order upon him which he was asked to accept,
and we must assume that he went to his attorney and architect
with that statement, and that he understood the order to be an
effort to divert his future payments to Crouch; so that his
inquiry was whether that effort did or did not make him
debtor to Crouch instead of the contractor.  He was told it

did not. If he had not been misled, if a correct description of the order had been given to him, or it had been literally translated into German, or a copy had been given him to take to his advisers, who could read it, his inquiry would have had a different answer. I think the question he asked does not indicate, in opposition to all the other evidence in the case, that the defendant understood the order to be something different from the description given of it, or to be one which transferred the right to the fund, but that, on the contrary, he thought it to be what was described to him, but the effect of which, and the propriety of his refusal to accept it, he thought it prudent to submit to the judgment of his advisers.

I am disposed, therefore, to approve the conclusion of the courts below, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.