Hatch, J.
The defendant company contracted with one Rollins to erect for it an apartment house for and at the agreed price of $16.50, to be paid in installments as the work progressed, in its several stages of construction ; the final payment of $2,000 to. be paid within thirty days after the entire completion of the work. The several payments were to be made only upon the architect’s certificate that they were properly due. The contract also provided that, if required, the contractor should furnish security against mechanics’ and other liens prior to payments, by presenting the architect with a certificate of the county clerk that no liens or claims are recorded against said work on account of the contractor; and if there shall be any lien or claim when any payment shall fall due, upon which defendant might be made liable, then it was authorized to retain and hold a sum sufficient to furnish indemnity against such claim or lien, and hold the same until the lien be discharged. It was also provided that, if the contractor made default in the performance of the contract, defendant might go on and complete the same in any manner to it agreeable, after having given the contractor three days’ notice in writing; the expense of such completion to be deducted from any payments due or to be due thereunder. After making such deduction, if any balance be due the contractor, such balance should be paid him; all payments due, if any, on default, to be postponed until the entire work should be completed. Rollins made default in the performance of this contract, and defendant completed the building. Upon completion there was found due Rollins under the contract $2,300, which by stipulation of the parties in interest, has been paid into court to await the result of this action, and defendant became thereby relieved from liability, and is now without interest in the controversy.
Rollins abandoned his contract December 19, 1893. Prior thereto, and on the 2d of that month, he executed and delivered to plaintiffs this writing:
“ 1,049.47. Buffalo, N. Y, December, 2, 1893.
“Please pay to the order of Hurd Bros. $1,049.47, when the same is due me by the terms of the contract.
“O. L. Rollins.
“ To the Johnson Park Investment Company, City.”
On the 8th of the same month he executed and delivered this-writing :
“ $2,000. Buffalo, N. Y., December 8, 1893.
“ Forty days after date, pay to the order of E. & B. Holmes two thousand dollars ($2,000), "value received, and charge the same to-the account of C. L. Rollins.”
At the same time, and accompanying this instrument, he executed and «delivered the following:
“For value received, and $1 to me in hand paid, the receipt whereof is hereby acknowledged, I hereby sell and assign to E. & B. Holmes $2,000 worth of any claim against the Johnson Park *143 Investment Company, wliich amount will be due and payable by said company in (30) days from the completion of a block of flats on Johnson Park, which building I agree to have completed within ten days from date, for which amount I have given E. & B. Holmes a draft on said company, payable in forty days from date. “ C. L. Rollins.
“Buffalo, H. Y., December 8, 1893.”
On the next day he executed and delivered the following:
“Buffalo, K Y., December, 9, 1893.
“ Johnson Bark Investment Company: Please pay to C. A,
Peters & Son the sum of nine hundred and sixty-nine (¡$969.00), and charge same to me. “ C. L. Rollins.”
On the 11th day of January, 1894, plaintiffs filed a mechanic’s lien, in conformity to the statute, for a further claim due them of $539.82, and served the required notices thereunder. In like manner, and on January 17, 1894, Peters & Son filed a mechanic’s lien for the amount of their claim covered by the order given them. Plaintiffs presented their order to defendant on the same or the next day after it was received. E. & B. Holmes presented their order and assignment December 20, 1893, and Peters & Son on the 13th of December, 1893. Hone of the orders were accepted by the defendant. All of the claims were for materials furnished for the building. The court allowed these claims in the following order: First, the amount of Hurd Bros.’ order; second, amount of the mechanic’s lien filed by them; third, the lien of Peters & Son. These claims exhausted the fund. The court found as a conclusion of law that the orders given to Peters & Son and to Holmes did not operate as an equitable assignment pro tanto of the fuud due under the contract, and consequently were not liens upon it; that the order to Hurd Bros, was an equitable assignment of the fund; that the assignment to Holmes was of the last payment due under the terms of the contract, and was also subject to the condition requiring all liens to be discharged from the premises; and that the right to recover was postponed until the discharge of the liens.
We think the court clearly right in holding that Holmes and Peters orders did not operate as an equitable assignment of the fund. They were not drawn upon it, or any fund, but were simply bills of exchange, and required acceptance before any liability was created against any person beside the drawer. Brill v. Tuttle, 81 N. Y. 454.
We concur, also, in the conclusion that the order to plaintiffs constituted an equitable assignment of the fund, and that it is entitled to be first paid. There is much in the early authorities tending to uphold that claim that this order is subject to the same rule applied to the orders already mentioned. Later decisions, however, mark with much clearness the distinctive lines; and while evidence may present a case containing mixed questions of law and fact, yet we are not so troubled upon present proof, but find the authorities sufficient to support the conclusion *144 reached. Brill v. Tuttle, supra; Lauer v. Dunn, 115 N. Y. 405; 26 St. Rep. 412; Crouch v. Muller, 141 N. Y. 495; 57 St. Rep. 585.
Further than this we are not able to uphold the rule adopted by the court below. The writing to Holmes it upon its face an absolute assignment of $2,000; not of the last payment which would fall due under the contract, but of “ any claim against the defendant, It may well be that the parties had before them, at the time this assignment was executed, the contract, and that when the instrument was drawn the parties supposed that it would be paid from the last payment. The recital of the instrument itself shows this, as therein it is specified that an amount equal to $2,-000 will be due and payable thirty days from the completion of the block, and Rollins then agreed to complete it in that time, and recites the giving of the draft, payable in forty days. But all this in no wise limits the operation of the assignment to the particular payment. Its language is absolute, and operates upon any claim due from the defendant equaling $2,000. It is quite evident from the testimony, the contract, and the assignment, that all parties then contemplated that the contract would be performed and that the amount of money secured by the assignment would be paid when the draft matured. But the language of the assignment excludes a construction that Holmes limited himself to this specific payment, as its terms embraced-any sum and any payment due or to grow due under the contract for its amount, and it became a lien thereon, subject to the rights of other lienors prior in point of time. It is undoubtedly true that, where the language of an instrument is ambiguous, resort may be had to surrounding circumstances to determine the intention of the parties, and force be given to such intention in a proper case. But here there is no ambiguity. The language is clear, plain, and absolute. In such case the court is without power to alter or change its terms or effect, simply because the parties contemplated at the time that the right would be discharged at a particular time and from a particular payment, where no such limitation is made in the instrument itself. Aside from this, it is at least doubtful, if the language was “ the last payment,” that it would be held that the last payment secured by the contract was necessarily intended. Beardsley v. Cook, 143 N. Y. 143; 62 St. Rep. 144; id., 67 Hun, 101; 51 St. Rep. 405. The contract provided that if default be made all payments should be postponed until the completion of the work, and any payment then due or to grow due would become by its terms a last payment. But we rest our decision on the ground that the assignment covered any sum that might be due at any time during the contract. The claim that the assignment was subject to the discharge of all liens cannot be sustained. The clause in the contract upon which this finding is based is “ that, if it be required,” the contractor should furnish security, and a certificate that no liens existed, and, if, when any payment became due, there should be any claim or liens, defendant should have the right to retain a sum sufficient for indemnity until the lien was discharged and canceled. These provisions were clearly *145 for the protection of defendant, and the claim is answered by the decision in Lauer v. Dunn, 115 N. Y. 405; 26 St. Rep. 412.
Plaintiff relies upon Bates v. Trustees, 58 St. Rep. 790. As to this case, it is sufficient now to say that in two particulars it is clearly distinguishable. First. The contract provided that no payment should be made until the contractor had procured a certificate from the clerk that no liens had been filed and remained unsatisfied of record ; and it was-held that this clausedistingnished the case from the Lauer Gase. Here the clause in the contract is different, and in all essential respects similar to the Lauer Gase. Second. The trustees were parties to the action in the Bates Gase, and insisted upon the clause as a defense. Here the defendant make no such claim, but set aside the fund for the lienors. The assignment having been made and delivered before the filing of the liens, and given for a valuable consideration, it becomes superior in right to the mechanic’s liens. McCorkle v. Herrman, 117 N. Y. 297; 27 St. Rep. 333.
Our conclusion, therefore, is that the judgment appealed from should be modified by providing that the Holmes assignment be a lien upon the fund after the plaintiffs’ assignment is paid in full, with interest. Costs of this appeal awarded to E. & B. Holmes.