(34 Misc. Rep. 496.)

## McDONALD v. VILLAGE OF BALLSTON SPA et al.

(Supreme Court, Special Term, Saratoga County. April, 1901.)

1. PUBLIC IMPROVEMENTS—LIEN OF LABORERS—PREFERENCES.
   Under Laws 1898, c. 169, § 2, laborers for daily or weekly wages on public improvements have preference over all other lienors, without reference to time of filing notices of their lien.

2. SAME—ASSIGNMENT OF FUND.
   Where a lien was filed with municipal treasurer against the fund in his hands due on a contract for a public improvement the same day upon

which an order by the contractor was dated against such fund, it will be presumed, in the absence of evidence that the order was presented to the treasurer before the lien was filed, that it was filed later.

**3. SAME—VALIDITY.**

An order on a public building fund, signed by a contractor, authorizing payment to a person named, and "charge the same to my account," is not a valid assignment, because the fund upon which it is drawn is not specified.

**4. SAME.**

An order on a building fund providing for the payment thereof, and a charge of the same "to my account of contract," sufficiently specifies the fund on which it is drawn.

**5. RECEIVERS—TITLE TO ASSETS.**

Where a receiver is appointed in supplementary proceedings, the title to whatever may be due to defendant under a building contract is better than that of any assignment made between the beginning of the proceedings and the time of his appointment.

Action by Martin McDonald against the village of Ballston Spa and others to foreclose a mechanic's lien. Judgment for plaintiff.

Scott & Brown, for plaintiff.

Edwin Quackenbush, for defendant village.

I. W. Wiswall, for defendant lienors.

E. S. Coons, for defendants Scherer & Haight.

B. D. Esmond, for defendant Vedder Gervin, receiver.

J. W. Verbeck, of counsel for all defendants.

HOUGHTON, J. This action is brought for the foreclosure of a mechanic's lien, and there is involved the question of the rights of certain of the parties holding certain orders given by the contractor, which are claimed to be equitable assignments. The defendant Van Arnam entered into a contract with the village of Ballston Spa for the construction of a portion of its waterworks system. At the time of the bringing of the action there remained a balance of $871.43 due him upon the contract, including a small amount for extra work. Orders upon the treasurer of the defendant village had been given by the contractor, from time to time, to the plaintiff and other persons, which had been paid. There remain, however, unpaid two orders in favor of the plaintiff, one in favor of the defendant Riley, and one in favor of the defendant Thomas, aggregating $324.69. The orders of the plaintiff are dated, respectively, October 26th and October 30th. The order of the defendant Thomas is dated October 17th, and that of the defendant Riley October 28th. Practically, all of the work had been done by the latter part of November, but was not payable until acceptance on the 15th of December following. On the 17th of October the defendants Scherer & Haight duly filed a lien for material furnished to the contractor, amounting to $161.72. On the 31st of October an order in supplementary proceedings was issued against the contractor, and on November 4th the defendant Vedder Gervin was appointed receiver, and there is due on the judgment in that proceeding $110. On November 18th the plaintiff duly filed a lien for material furnished, amounting to $84.46. Liens for material were filed by other defendants, and from the 23d of November to as late as the 20th of December various defendants filed liens for labor per-

formed upon the public improvement for the contractor. The labor liens amount, in the aggregate, to $461.

By an amendment to the lien law (Laws 1898, c. 169, § 2), laborers for daily or weekly wages, such as these defendants were, have preference over all other lienors, without reference to the time of filing a notice of their lien. The amount due upon the contract will not pay the orders and the various liens. There is nothing in the contract which prohibits the giving of orders, and, in the absence of anything to the contrary, and before any notice of lien is filed, the contractor may assign to his creditor, in payment of his debt, the whole or any portion of the moneys due or to become due under the contract, and the assignee acquires a preference over a subsequent lienor. Bates v. Bank, 157 N. Y. 322, 51 N. E. 1033. All of the orders remaining unpaid, except the Thomas order of $25, are subsequent to the lien filed by defendants Scherer & Haight. The Thomas order bears date the day the lien was filed. There is no proof that this order was presented to the financial officer of the village before the filing of that lien, and I think I must assume that the lien was first filed from the fact that, in the ordinary course of business, the order would not probably be presented immediately upon its delivery. Scherer & Haight had, therefore, filed their lien prior to the giving of any unpaid orders, and their lien has preference, therefore, over any of the orders, even if they should be held to be equitable assignments of the fund due or to become due from the village to the contractor. Under the lien law, however, because the contract related to a public improvement for a municipality, the labor liens, amounting to $461, have preference over the Scherer & Haight lien, irrespective of their time of filing. If there was anything due the contractor which had not been transferred by assignment, legal or equitable, or had not been attached by the filing of liens when the supplementary proceedings were instituted on the 31st of October, the defendant Gervin, as receiver, would take sufficient to pay $110 due upon the judgment which he represents. There not being sufficient money to pay all these claims, it is necessary to determine whether or not the orders remaining unpaid amounted to an equitable assignment pro tanto of the moneys due or to become due to the contractor upon the contract. The plaintiff's order of October 26th is addressed to the treasurer of the village, and is as follows:

"Please pay to the order of Martin McDonald $119.73, and charge same to my account.
    "[Signed]                               Charles Van Arnam."

The order of October 30th is in the same form, and for $168.94. What is claimed to be the order of the defendant Riley is a mere duebill, addressed to no one, and cannot be considered.

The plaintiff insists that his orders amount to an equitable assignment pro tanto of the funds due or to become due from the village upon the contract, and that he, therefore, takes precedence of all liens filed subsequent to the date of his orders. I do not think this contention can prevail. The orders in the cases upon which he relies, which were treated as equitable assignments pro tanto of the fund, differ very materially from those under consideration. The

language here is that, so much be paid, "and charge to my account." It is true that Van Arnam had no other account with the village of Ballston Spa than that relating to this contract, but that fact is not sufficient to constitute orders such as these equitable assignments of the fund accruing from the contract. In Bates v. Bank, 157 N. Y. 322, 51 N. E. 1033, and in McKay v. City of New York, 46 App. Div. 579, 62 N. Y. Supp. 58, there were actual legal assignments. In Hackett v. Campbell, 10 App. Div. 523, 42 N. Y. Supp. 47, the language of the order was, "Pay such sums as may become due under the iron contract for Public School No. 10, * * * and charge the same to my account with said school." In Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515, the language was, "And charge the same to our account for labor and materials performed and furnished in the repairs and alteration of the house." In Lowery v. Steward, 25 N. Y. 239, 82 Am. Dec. 346, the language was, "Pay on account of 24 bales cotton shipped to you, as per bill of lading." In Parker v. City of Syracuse, 31 N. Y. 376, the order upon the comptroller was to "pay on plank-road and sidewalk accounts, and charge to my account." In Ehrichs v. De Mill, 75 N. Y. 370, the language was, "Pay and charge the same to my account of grading and paving Lexington avenue, as per contract." In Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270, the language of the order was, "Pay, and charge to contract." In all the adjudicated cases in which an order has been construed as an equitable assignment, there has been some direction with reference to its payment from a particular fund, and the doctrine of those cases should not be lightly extended, for the courts have gone quite far enough in many of the cases in nullifying the statutory provisions of the mechanic's lien law. A draft or order drawn upon the general credit of the drawee does not operate as an equitable assignment pro tanto. In order to have this effect, it must designate the fund, and direct payment from it. "The question in this class of cases is the same. It is whether the draft is drawn upon the general credit of the drawee or upon a particular fund." Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515. Such a general order no more operates as a legal or equitable assignment of a fund than does an ordinary check upon a bank. O'Connor v. Bank, 124 N. Y. 324, 26 N. E. 816. The facts in the case of Hurd v. Investment Co., 13 Misc. Rep. 643, 34 N. Y. Supp. 915, are quite analogous to those of the present case. The language of the first order under consideration in that case was, "Pay when the same is due me by the terms of the contract." The language of the two other orders was, "Pay, and charge the same to me." The court held that the first order operated as an equitable assignment of the fund, but the other two were simply general orders which had no such legal effect. See Shaver v. Telegraph Co., 57 N. Y. 459. The orders of the plaintiff, being simply general orders, and not directing payment from a particular fund, did not operate as an equitable assignment of any sum due or to grow due under the contract. The language of the order of the defendant Thomas is, "Charge the same to my account of contract." Under the authorities cited, this operated as an equitable assignment. The defendant Gervin takes title,

as receiver, to whatever may have been due the contractor at the time of the institution of the supplementary proceedings. There was a sufficient sum due to pay the amount of his judgment and costs. His appointment relates back to the commencement of the proceedings, and would take precedence of any lien filed or assignment made between that time and his appointment as receiver. McCorkle v. Herrman, 117 N. Y. 298, 22 N. E. 948. No question can arise with respect to filing a statement of the substance of any assignment in the county clerk's office, because the provision of the law requiring the filing of such statement does not apply to public improvements by a municipality. Brace v. City of Gloversville, 39 App. Div. 25, 56 N. Y. Supp. 331. A decree is directed providing for the payment of the various claims by the defendant the village of Ballston. Spa in the following order: The amount of the liens of the various laborers, the lien of the defendants Scherer & Haight, the order of the defendant Thomas, the amount of the claim of defendant Gervin as receiver, and the balance to the plaintiff. This exhausts the fund, and, under section 3418, Code Civ. Proc., I do not think I have the right to award costs against the village of Ballston Spa to any party. The plaintiff may have judgment, however, for any deficiency against the defendant Van Arnam, with costs against him.

Ordered accordingly.