## ORDER FOR PAYMENT DISTINGUISHED FROM ASSIGNMENT.

Circuit Court of Cuyahoga County.

RALPH GRAY v. LEOPOLD DAUTEL.

Decided, June 4, 1906.

*Assignments—An Order for Payment of Money Generally Not an Assignment.*

An order given by a contractor on the owner of a building which the contractor was erecting, requesting the owner to pay a certain sum to a certain person "and charge the same to me" is not an assignment of the money due him, but a mere order for the payment of money, which must be accepted before it becomes binding on the drawee.

*Hogan & Parmely,* for plaintiff in error.
*Hills & Van Derveer,* contra.

HENRY, J.; WINCH, J., and LAUBIE, J., concur.

Levi Wherry & Son, having a carpentry contract under the defendant in error, bought lumber therefor from the plaintiff in error to whom they gave the following order on defendant in error:

"CLEVELAND, OHIO, Oct. 4, 1901.
"MESSRS. L. DAUTEL & SON,
    "City.

"Please pay to Ralph Gray thirty-five hundred dollars ($3500.00) and charge the same to our account.
                            "LEVI WHERRY & SON."

On the following day plaintiff in error collected on this order all that was then due Levi Wherry & Son, to-wit, $1,500, leaving $2,000 still owing thereon. Defendant in error, on making this payment, endorsed on the order: "Paid $1,500. This order is not acknowledged in full. L. Dautel & Son."

Afterwards defendant in error paid to or for Levi Wherry & Son on the same contract (which was the only one between the parties) various sums, in cash, or upon their orders, amounting to about $1,200 which plaintiff in error now seeks to recover, upon the theory that the order above quoted an equitable assignment of Levi Wherry & Sons' pecuniary interest in the contract, not exceeding the amount of the order, whether accrued or to accrue. The defendant in error contends that inasmuch as the order is not expressed to be paid out of a particular fund it can not operate as an assignment of such fund in whole or in part, but is merely an order, or bill of exchange, drawn upon the defendant in error personally, and the circumstances that there was only one account or contract between the parties does not operate to change its effect.

Counsel have been diligent in searching for precedents and their very excellent briefs have greatly aided us. Without attempting to review the authorities cited, we find that the law, as we view it, is most cogently stated in the first two paragraphs of the syllabus of *Hurd et al* v. *Johnson Park Inv. Co.*, 34 N. Y. Supp., 915, as follows:

"An order given by a contractor on the owner of the building which he was erecting, requesting the owner to 'pay to the order of H, $1,049.47, when the same is due me by the terms of the contract,' is an equitable assignment to the payee of the fund to become due to the amount named in the order.

"Orders given by a contractor on the owner of the building which the contractor was erecting, requesting the owner to pay a certain sum to a certain person, 'and charge the same to me,' is not an assignment, but a mere order for the payment of money, which must be accepted before it becomes binding on the drawee."

It follows that the distinction contended for by defendant in error is sustained and the judgment below is affirmed.