## FISCHER v. LIBERTY NAT. BANK & TRUST CO. IN NEW YORK et al.

District Court, S. D. New York.

Nov. 9, 1931.

George C. Levin, of New York City, for plaintiff.

Hardy & Hardy, of New York City (David Brady, of New York City, of counsel), for defendant Liberty Nat. Bank of New York.

A. Prentiss Butler, of New York City (Robert J. Sykes, of New York City, of counsel), for defendant Barker.

Baker & Obermeier, of New York City (Oscar S. Rosner, of New York City, of counsel), for defendant Lippe.

PATTERSON, District Judge.

This is a suit by a trustee in bankruptcy to recover alleged preferences made to three

creditors. The payments were made on October 15, 1930; the involuntary petition in bankruptcy was filed on February 14, 1931. The proof shows that the bankrupt was hopelessly insolvent when he made the payments. Two issues are presented: First, as to the reasonable cause to believe on the part of each defendant that the transfer would result in a preference; and, second, as to the effect to be given to a certain order signed by the bankrupt in favor of two of the defendants on September 29, 1930, and to an alleged oral assignment made by the bankrupt to the remaining defendant at about the same time.

I find for the plaintiff on the first question. The proof, largely documentary, shows that all three defendants, or attorneys acting for them to collect their claims, had notice of the fact that their debtor was in financial straits. They may not have known that he was actually insolvent, but they knew enough to put them upon inquiry as to what his financial condition was. Ernst v. Mechanics' & Metals National Bank (D. C.) 200 F. 295; Levy v. Weinberg & Holman (C. C. A.) 20 F.(2d) 565; In re Clark (D. C.) 11 F.(2d) 540.

I am equally clear that the order cannot be given the effect claimed for it by the defendants. What happened was that the bankrupt, a receiver in an equity proceeding then pending in this court, gave an order in favor of two of the defendants, directing his co-receivers to pay a sum to them out of the allowance which he expected to get. This order was given on September 29, 1930, more than four months before bankruptcy, and if it operated as a valid assignment in favor of the defendants, the payments later made to them in accordance with the order were not preferences. Sexton v. Kessler (C. C. A.) 172 F. 535, 40 L. R. A. (N. S.) 639, affirmed in 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; Johnson v. Root Mfg. Co., 241 U. S. 160, 36 S. Ct. 520, 60 L. Ed. 934. And I will assume that an order given by a debtor to pay a sum out of a specified fund, in the form of words here used, would ordinarily, in New York at least, be held to constitute an assignment. Brill v. Tuttle, 81 N. Y. 454, 37 Am.

Rep. 515; Crouch v. Muller, 141 N. Y. 495, 36 N. E. 394. In other words, I will treat the case as if the order to pay contained express language indicative of an intention on the part of the bankrupt to assign part of his expected allowance as receiver. The difficulty here is of a different character; the bankrupt had nothing which he could validly assign at the time when he signed the order. It was signed and delivered at a time when the bankrupt's work as receiver had not been completed and before the allowance to him had been made by the court. The same reasons of public policy which led Judge Caffey to hold void two earlier assignments given by the bankrupt apply with full force to this order. Until ascertained and allowed the compensation payable to a receiver is not at his disposal and cannot be assigned. Shannon v. Bruner (C. C.) 36 F. 147; Bowery National Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, 9 L. R. A. 706, 19 Am. St. Rep. 507; Matter of Worthington, 141 N. Y. 9, 35 N. E. 929, 23 L. R. A. 97; Colonial Bank v. Sutton, 79 Misc. Rep. 244, 139 N. Y. S. 1002. What I have said as to the order applies also of course to the alleged oral assignment in favor of the remaining defendant.

The amount of the preference received by the defendant Barker was $3,500, rather than $5,000. He received $5,000, but straightway turned $1,500 over to the bankrupt's wife, who had sought him out with the bankrupt's knowledge and approval and had persuaded him to reduce the amount of the settlement to $3,500. The $1,500 so returned was spent toward meeting obligations of the bankrupt. Under the circumstances the bankrupt's wife was his agent, and the transaction, viewed as a whole, showed a payment to Mr. Barker of only $3,500.

It is hardly necessary for me to add that there was no impropriety or moral fault on the part of any of the defendants or their agents. They merely sought to obtain satisfaction of honest debts long since overdue, and in getting payment either in full or in part they did what any diligent creditor would do. There will be a decree in favor of the plaintiff.