CHARLES BEARDSLEY, Respondent, *v.* GEORGE H. COOK, Appellant.

Defendant and D. & F. entered into a contract by which the latter agreed to furnish all the material and labor required in the erection of two houses for the former; the agreed compensation to be paid in instalments, the last instalment to be paid when the work was completed. Plaintiff contracted with D. & F. to furnish a portion of the material required. After said parties had entered upon the performance of their respective contracts, D. & F. gave to plaintiff a written order requesting defendant to retain and pay to plaintiff from the last payment to be made to them under their contract with defendant, the sum of $1,175. This order defendant accepted. In an action to recover the amount thereof it appeared that D. & F. failed to perform their contract. *Held,* that defendant's acceptance contemplated a performance of their contract by D. & F. so as to entitle them to the last payment, and defendant's obligation to plaintiff was that in case of such performance he would retain from such payment sufficient to pay plaintiff the amount specified.

By the terms of the contract the payments were to be made upon certificate of the architect of performance. It also contained a provision that in

143　143
s154　711

143　143
155　544

143　143
157　328
157　331

143　143
167　237

case D. & F. failed to perform, defendant might complete the work and deduct the expense of completion from any balance unpaid upon the contract. Defendant did complete the houses under this provision, but the amount expended by him in so doing was not found, the trial court refusing to make a finding on that subject, it holding that the builders had performed. *Held*, that defendant, when he elected to complete the contract instead of insisting upon performance by the builders, became liable to pay to plaintiff any part of the last payment which remained in his hands after deducting the expenses of completion; that the architect's certificate was not necessary, and that as to such remainder the acceptance of the order operated as an equitable assignment thereof, which could not be affected by payments to the builders in advance of the work or a mechanic's lien subsequently filed ; but that plaintiff was bound to show an amount still remaining in defendant's hands over and above what he had expended, which was applicable to the payment of the order, and in the absence of such proof was not entitled to recover. *Beardsley* v. *Cook* (67 Hun, 101), reversed.

(Argued June 13, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought upon the following order :

" Mr. GEORGE H. COOK,

" No. 50 Broadway, N. Y. City :

" Retain and pay to Charles Beardsley of Poughkeepsie, N. Y., from the last payment to be made by you to us on account of our contract for building houses in Dean street, Brooklyn, the sum of eleven hundred and seventy-five ($1,175) dollars, according to the terms of our contract with Mr. Beardsley.

" DAVIS & FAY.

" Dated NEW YORK, *December* 11, 1890."

The facts, so far as material, are stated in the opinion.

*John H. Clapp* for appellant. The denial of the motion to dismiss the complaint, made at the end of the plaintiff's case, was error, and the exception thereto well taken, for the

reason that before the plaintiff could recover he was compelled to show that the last payment to be made on account of the contract was due and payable, as the order sued upon was payable out of the last payment. (*Quinn* v. *Aldrich,* 70 Hun, 205.) The finding of the General Term, that the order· when it was given operated as an assignment of any fund due the drawer at that time, and also to assign any funds as fast as they became due was erroneous. (*Quinn* v. *Aldrich,* 70 Hun, 205.) The plaintiff could not recover unless Davis & Fay, the original contractors from whom he received the order, were entitled to recover. Before Davis & Fay could recover they were bound to prove that they had obtained the architect's certificate, or that it was unreasonably withheld. (*Smith* v. *Brady,* 17 N. Y. 103 ; *Glacius* v. *Black,* 50 id. 148 ; *Nolan* v. *Whitney,* 88 id. 648 ; *Byron* v. *Low,* 109 id. 291 ; *Sweet* v. *Morrison,* 116 id. 19 ; *Wright* v. *Reusens,* 133 id. 298 ; *Weeks* v. *O'Brien,* 141 id. 99.) Before the plaintiff could recover it was incumbent upon him to prove, and the trial court would have to find, that the condition precedent was performed and that the last payment had become due to the contractors. (*Crane* v. *Knubel,* 61 N. Y. 645.)

*Henry Bacon* for respondent. The defendant having elected not to claim a forfeiture of his contract with Davis & Fay, but having completed the buildings under their contract, at their risk, plaintiff, as assignee of Davis & Fay, is entitled to recover whatever balance remains of the final payment after deducting the expenditures made by the plaintiff after he took charge of the work and in completing the buildings. (*Murphy* v. *Buckman,* 66 N. Y. 297 ; *Van Clief* v. *Van Vechten,* 130 id. 571 ; *Ogden* v. *Alexander,* 140 id. 356.) The defendant having elected to proceed and complete the buildings under the contract, the architect's certificate was not required in order to entitle plaintiff to recover. (*Kingsley* v. *Brooklyn,* 78 N. Y. 200 ; *Crouch* v. *Gutmann,* 134 id. 45 ; *Weeks* v. *O'Brien,* 141 id. 199.) The defendant having accepted the draft, and it having been given for value, it

·operated as an assignment of so much of the moneys due or to become due to Davis & Fay under their contract. After the delivery of the draft and acceptance by the defendant, he could not appropriate any moneys coming due to Davis & Fay on the final payment under their contract to any other purpose than the payment of that draft. (*Loury* v. *Stewart,* :25 N. Y. 239 ; *Risley* v. *Smith,* 64 id. 576 ; *Gibson* v. *Lenane,* 94 id. 183 ; *Stevens* v. *Ogden,* 130 id. 182 ; *Kingsley* v. *Brooklyn,* 78 id. 200 ; *Brill* v. *Tuttle,* 81 id. 454.) The mechanics' liens filed form no defense against the plaintiff's claim because the defendant cannot be compelled to pay any more than is called for by his contract with Davis & Fay. (*Lauer* v. *Dunn,* 115 N. Y. 405 ; *Stevens* v. *Ogden,* 130 id. 182 ; *Crouch* v. *Gutmann,* 134 id. 45.) Complete performance of their contract by Davis and Fay was waived, and the building completed for them by the defendant. (*Nolan* v. *Whitney,* 88 N. Y. 648 ; *Flaherty* v. *Miner,* 123 id. 382 ; *Crouch* v. *Gutmann,* 134 id. 45–54.)

O'BRIEN, J.  About the first of August, 1890, the defendant entered into a written agreement with the firm of Davis .& Fay, builders, whereby they agreed to furnish all the materials and labor in the erection of two houses for the ·defendant, to be completed on or before January 1, 1891, for the sum of $6,381, to be paid in installments as the work pro-:gressed and reached certain stages, the last payment, amount-:ing to the sum of $2,181, to be paid when the houses were ·completed..

About a month afterwards the plaintiff contracted, in writ-ing, with Davis & Fay to furnish for these houses all the nec-·essary interior and exterior trim, including doors, sash, blinds, wainscot, complete, except the Venetian blinds ; the window frames and stairs to be all cleaned and prepared for finish in the natural wood, for the sum of $1,175, to be paid as follows : $150 when sash delivered, $200 when the stand-:ing trim was on, $400 when the doors were hung, and $425 when the houses were completed. The builders entered

upon the performance of their contract with the defendant, and the plaintiff on the performance of his contract with them, and on the 11th of December, 1890, a considerable part of the work had been done, when the plaintiff procured from the builders a written order upon the defendant, signed by them, and addressed to him, in which they requested the defendant to retain and pay to the plaintiff, from the last payment to be made to them under their contract, the sum of $1,175, according to the terms of their contract with the plaintiff. The defendant wrote across the face of this order his acceptance of the same. This action was brought upon the defendant's contract with the plaintiff as evidenced by his acceptance of the order, and the plaintiff has recovered. The defendant's obligation to the plaintiff, as expressed in the acceptance, was that he would retain in his hands from the last payment due upon his contract with the builders, sufficient to pay the plaintiff. The arrangement contemplated that the builders would perform their contract with the defendant, and thereby become entitled to the last payment, and that the plaintiff would perform his agreement with the builders, and thus entitle himself to call upon them to pay as they had agreed, and upon the defendant to discharge the obligation assumed by his acceptance. The difficulty in this case arises from the fact that the builders did not perform their contract with the defendant, nor did the plaintiff fully perform his contract with the builders, though perhaps the latter fact is not important except so far as it bears on the question of the amount which remained in the defendant's hands applicable to the last payment. The record discloses a state of facts not within the contemplation of the parties when the order which the plaintiff is seeking to enforce was accepted by the defendant. Some of these facts appear in the findings of the court; others are to be gathered from the undisputed testimony, though the learned trial judge refused to find them at the request of the defendant. By the terms of the contract between the defendant and the builders, the payments were to be made upon the certificate of the architect that performance

had been made to entitle the contractor to the particular payment. No such certificate was ever furnished, and there is no finding in the case that it was waived, or unnecessarily or improperly withheld. (*Wright* v. *Reusens*, 133 N. Y. 298; *Weeks* v. *O'Brien*, 141 id. 199.)

The builders never performed the contract and never completed the houses. It may be that there was a sufficient excuse for non-performance, but there is no finding on the subject and it is not apparent from the proofs. There was a clause in the building contract to the effect that in case they failed to complete the houses and furnish the necessary materials and labor for that purpose, then the defendant might do it and deduct the expense of completion from any sums unpaid upon the contract. The defendant did complete the houses under this provision of the contract; whether with or without the consent of the builders is not now very material. But the learned trial judge refused to find that the builders failed to perform their contract, and the amount expended by the defendant in completing the houses, which was a most important element in ascertaining what portion, if any, of the last payment, from which the order in suit was to be paid, ever became due to the contractors has not been found, though requests to that effect were made by the defendant, and proof had been given on that subject. We agree with the learned counsel for the plaintiff that the mere fact that the defendant completed the houses and the builders did not, does not necessarily affect the right of recovery upon the order. The defendant elected to complete the performance of the contract himself instead of insisting upon performance by the builders, and, therefore, any part of the contract price or of the last payment that remains in his hands, after deducting the expenses of completing the houses, is applicable to the payment of the plaintiff's claim, and under such circumstances the certificate of the architect would not be necessary to enable the builders or the plaintiff to recover the balance remaining in the defendant's hands. But the difficulty is that the learned trial judge apparently refused to go into these

questions, or to find what the balance actually was, and it is not the province of an appellate court to attempt to spell out the facts from conflicting evidence. The learned counsel for the plaintiff suggests that the last payment, from which the order in question was to be satisfied, had been depleted by the defendant by payments made to the builders in advance, after the acceptance of the order, and hence such payments should not be considered in determining the amount remaining in the defendant's hands applicable to the payment of the claim. But there is no finding that such payments were made as matter of fact, and the counsel's position in this respect is based upon inferences and arguments drawn from testimony quite uncertain and inconclusive. It is quite clear that this point was not brought to the attention of the trial court, nor developed at the trial in such a way as to render it available upon this appeal. It is not claimed that the plaintiff ever actually performed his contract with the builders by furnishing all the work and material embraced in it. The testimony is quite clear that he did not, and the fact is fairly to be implied from the findings. He did, however, furnish material for which he was never paid, amounting to a sum equal to the recovery in this case. It also appears that the builders or the defendant himself, after he had assumed the performance of the contract, were obliged to procure and pay for material which the plaintiff had contracted to furnish. What this amounted to is not found, and it is quite difficult to ascertain from the evidence.

The trial court has found in substance that performance on the part of the plaintiff was waived by the defendant, but there is no evidence in the case to warrant this conclusion. On the contrary, the testimony of the builders, which is not contradicted, is to the effect that they called upon him from time to time to furnish articles embraced in the contract, and that he failed to do so. But whether plaintiff's performance was entire or partial he could recover nothing more than the balance of the last payment remaining in defendant's hands. The testimony found in the record is, upon many material

points, exceedingly indistinct, and the actual facts are involved in much uncertainty and confusion. The findings are so general that none of the difficulties suggested have been eliminated from the case in the argument of this appeal. It is easy to see that the case was not tried upon any well-defined theory, and that the decision apparently proceeded upon the assumed equitable ground that as the plaintiff had furnished material that went into the houses, to the amount at least of one thousand dollars, for which he had not been paid, that the defendant was responsible for the same. The plaintiff was bound to show that an amount or portion of the contract price, which the defendant had stipulated to pay for the erection of the houses equal to his claim or to the recovery, still remained in his hands over and above what he had expended to complete them, and which was applicable to the payment of the order. The acceptance of the order by the defendant operated as an equitable assignment of so much of the last payment to the plaintiff, and the plaintiff's right could not be affected by payments made by the defendant in advance of the work or by the liens of mechanics or materialmen filed subsequent to the assignment. (*Lauer* v. *Dunn,* 115 N. Y. 405; *McCorkis* v. *Herrman,* 117 id. 297; *Stevens* v. *Ogden,* 130 id. 182; *Crouch* v. *Gutmann,* 134 id. 45.)

But unless that payment became due and payable by the defendant the plaintiff could not, under the circumstances disclosed by the record, recover upon the order as an absolute and unconditional promise. The plaintiff's right to recover the payment, or that part of it assigned to him by the order, was contingent upon performance of the contract so as to render the last installment or at least some part of it due and payable. The contract was not performed by the builders, but by the defendant himself, who was obliged to complete the houses. The assignment to the plaintiff was subject to any deduction which the defendant had a right to make from the payment on account of the reasonable and fair expense to him in completing the houses. He could claim payment of the order only from the balance, and what that was has not been found, and

the testimony on this point is of such a character that at least different views may be entertained as to the amount, if anything, remaining in his hands. If the defendant did not retain the last payment as he agreed to do by his acceptance of the order, but paid it out to the builders in advance of the time when by the terms of the contract it became payable, or permitted it to be depleted or absorbed in some other way in violation of his obligations to the plaintiff, he would then be liable to made his acceptance good. There is no distinct finding on this subject. For these reasons we think there should be a new trial.

The judgment, therefore, should be reversed and a new trial granted, costs to abide the event.

All concur, except Andrews, Ch. J., not sitting.

Judgment reversed.