CHARLES BEARDSLEY, Respondent, *v.* GEORGE H. COOK, Appellant.

89  151
154a 707

*Building contract — order by the contractor on the owner — when acceptance thereof constitutes an assignment pro tanto.*

One George H. Cook entered into a contract with the firm of Davis & Fay to build two houses for him. Davis & Fay made a contract with one Beardsley to furnish them with certain materials, and gave to Beardsley an order on Cook for $1,175, which he accepted, payable out of the last payment upon his contract with Davis & Fay, who, upon the faith of the order, ordered and received material from Beardsley aggregating $1,000.

Davis & Fay failed to complete their contract in time and it was, under the terms of the contract, taken off their hands by Cook, who finished the houses himself at the expense of Davis & Fay. At this time the balance due Beardsley for material was $1,000.

The contract provided that when the houses were all complete, the sum of $2,181 should be paid to Davis & Fay, which was to be the last payment. Cook made various advances upon the final payment, and at the time he took the contract off the hands of Davis & Fay there remained in his hands on account thereof $990.25, no portion of which had then become due. His expenditures in completing the contract amounted to $677.17.

Upon the close of the trial of an action brought by Beardsley against Cook to recover, on the accepted order, the balance due him for materials, the attorney for Cook asked the court to direct a verdict for Beardsley for the amount remaining in the hands of Cook, namely, $313.08. Beardsley moved that the damages be fixed at $1,000 and interest, which was done.

*Held,* that the rule of damages adopted by the trial court was correct; that the accepted order was an assignment *pro tanto* of the final payment, and that the right of Beardsley to recover upon it could not be defeated by any act of Cook;

That the right of Beardsley to recover for materials furnished on the faith of the order could not be defeated by payments made in anticipation of the last payment becoming due, and that if Cook made such payments it was upon his own risk.

APPEAL by the defendant, George H. Cook, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 24th day of December, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Dutchess County Circuit, and also from an order bearing date December 24, 1894, and entered in the office of the clerk of the county of Dutchess, denying the defendant's motion to reduce the verdict rendered herein.

The contract sued upon herein provided that payments there-

under should be made in the following manner: $200 when first beams are on; $500 when roof is complete and cornice up; $500 when stud partitions are set; $1,000 when standing trim is on; $1,000 when doors are hung, sash in, and plumbing inclosed; $1,000 when stairs are finished and two coats of paint on; $2,181 when all complete.

*John H. Clapp*, for the appellant.

*Safford A. Crummey* and *Henry Bacon*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon the verdict of the jury directed by the court at a Circuit held in Dutchess county, December, 1894, Mr. Justice GAYNOR presiding.

At the close of the testimony counsel for the defendant moved that a verdict be directed for the plaintiff, and fixed the damages at $313.08; counsel for the plaintiff joined in the motion for a direction of a verdict for the plaintiff, but asked that the damages be fixed at $1,213. The verdict was directed for the plaintiff, and the damages were assessed at $1,213. From the judgment entered on this verdict the defendant appeals. From the fact that both parties moved that the court direct a verdict, the only question relates to the amount for which it ought to have been rendered. It is true that defendant made a motion to dismiss the complaint when plaintiff rested, but he took no exception to a denial of this motion, nor did he move for a new trial on the merits. It seems defendant made a contract with Davis & Fay to build a couple of houses. Davis & Fay made a contract with the plaintiff to furnish them with certain materials, and gave to plaintiff an order on defendant for $1,175, which he accepted, payable out of the last payment upon his contract with Davis & Fay.

Davis & Fay, relying on the order, ordered and received the material from plaintiff, aggregating $1,000. They failed to complete the contract in time and it was taken off their hands by defendant, who finished the houses himself. This time the balance due the plaintiff for materials was $1,000.

By the fourth provision of the original contract the owner was authorized to take the contract off the hands of Davis & Fay upon

giving three days' notice, and complete it at their expense. By the third provision of the supplemental contract of February 2, 1891, it was provided that in case of the failure of the contractors to finish the houses as agreed, the defendant might finish them himself at their expense.

The defendant paid Davis & Fay $5,390.75 in all. The payments made were in various amounts, none of them corresponding with the amounts provided in the contract. On the 18th day of February, 1891, the defendant had completed the sixth payment and had paid fifty dollars more than the total amount of the six payments. Thereafter he made the following payments: February twenty-eighth, $100; March third, $138.75; March fourth, $200; March sixth, $150; March seventh, $200.; March thirteenth, $150; March fourteenth, $100.

This left in his hands $990.25 of the final payment, no portion of which had then become due. His expenditures in completing the contract amounted to $677.17, and left a balance in his hands amounting to the sum of $313.08.

With the proofs establishing without dispute these facts, the plaintiff rested.

Thereupon, the counsel for the defendant moved for a dismissal of the complaint on the ground that the plaintiff had shown that there was no part of the last payment of the contract that ever became due to the contractors, and that it was incumbent on him to show that that last payment, or some part of it, became due before he can recover, " but by their testimony they show that the only amount of money remaining in the hands of the defendant is $313.08." This motion was denied. The defendant did not take any exceptions to this ruling, but moved the court to direct a verdict for the plaintiff for the amount remaining in the hands of the defendant, $313.08, and plaintiff moved damages be fixed at $1,000 and interest, which was done.

The rule of damages adopted by the court was the correct one. It restricted the plaintiff's recovery to the value of the material furnished by him and put in the buildings of the defendant. The defendant took possession of the buildings, and elected to complete the contract himself, as he lawfully might. When they were com-

pleted, he was entitled to charge as against the last payment the amount it cost him to complete the contract from the time he took it. This would have left in his hands $1,503.38. The accepted order was an assignment *pro tanto* of the final payment, and the right of the plaintiff to recover upon it cannot be defeated by any act of the defendant. This right of the plaintiff was paramount to the right of Davis & Fay in the final payment, and to any right which could be acquired by any materialman or creditor of Davis & Fay.

It will be observed that all disputed payments made to Davis & Fay, sought to be charged to the last payment, were made before any final payment became due. Defendant cannot be permitted to defeat the right of the plaintiff to recover for materials furnished on the faith of this order, by payments made in anticipation of the last payment becoming due; if he made such payments, it was upon his own risk.

The order was an assignment *pro tanto*, and the defendant had no right to make payments in advance of their falling due, and before he took the work out of the contractors' hands, to the prejudice of the plaintiff. It seems to follow that the rule laid down by the Court of Appeals in this case, reported in 143 N. Y. 143, is not applicable. It also plainly appears that after deducting the cost to defendant of finishing the contract there was more than the amount of the order remaining of the contract price, which should have been credited to the last payment.

While there is no conclusion of fraud charged or proved, I think, under the circumstances, the defendant had no right to make advances to Davis & Fay to the prejudice of the plaintiff, and charge the same to the last payment under the contract. I, therefore, feel constrained to affirm the judgment, with costs.

It is also to be noted that the payments were made without any certificate of the architect.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.