### HUCHBERGER v. BARSODY.

(Supreme Court, Appellate Term. June 23, 1904.)

1. CONTRACTS—CONSTRUCTION—MATURITY—PERFORMANCE—ACTIONS.

Where plaintiff sued defendant on an agreement by which plaintiff agreed to procure a bondsman for the faithful performance of the covenants in a building loan contract, and a writing containing a part of the agreement, and admitted by defendant to be correct as to the terms of payment, stipulated that the amount was to be paid at defendant's convenience in installments, of which the first was not to be due before the tearing down of old buildings on the premises, and the last installment not before the completion of a certain building to be erected, it was necessary to prove the happening of these conditions before plaintiff could have judgment for the respective installments.

Appeal from City Court of New York, Trial Term.

Action by Jacob Huchberger against Frank Barsody. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

O. B. Gould, for appellant.
David Tim, for respondent.

MacLEAN, J. In his complaint the plaintiff, a broker, alleged his employment by the defendant to procure a bondsman for the faithful performance of the covenants in a building loan contract relating to the premises No. 28 and 30 East Fourth street; procurement of the bondsman; that, for the services so rendered, the defendant agreed in writing to pay to the plaintiff the sum of $1,500, which said sum was due and owing; demand of payment, and nonpayment. All of these allegations, except nonpayment, were denied by the defendant, who set up, for a distinct defense, that the agreement in writing alleged in plaintiff's complaint was without consideration, and, as another dis--

tinct defense, that, if the agreement in writing be valid, the action was prematurely brought. After the overruling of two objections, with exceptions, that, as the agreement was in writing, it might not be varied by conversations, the plaintiff testified to acts and conversations which, if credited, were sufficient to sustain an oral agreement, and then introduced a letter, signed by the defendant, reading:

"Herewith I promise you a fee of Fifteen hundred dollars, ($1500) for your services in the transaction with Seligman & Seligman about the lots, Nos. 28 & 30 East 4th Street, which amount shall be paid to you in instalments to my own convenience, of which the first shall not be due before the tearing down of the old buildings on said premises, and the last before the completion of the loft building to be erected there."

It was upon this letter that the allegation in the complaint "that the defendant agreed in writing to pay the sum of $1,500," was predicated. This letter plaintiff's counsel spoke of "as the agreement" throughout, as did also the plaintiff, who stated the defendant gave it to him when the agreement was made. He said, too, upon cross-examination, that it did not constitute the agreement, but, "as regards the payment of the $1,500, the agreement is all right." Counsel for defendant in his brief makes much of the point "that the proofs were not within the issues," which were based upon an agreement in writing to the misleading of defendant, and he cites decisions of the Court of Appeals and of the Appellate Division to show that as the plaintiff failed to establish a written contract, and as the complaint was not amended so as to allege a contract resting partly in writing and partly in parol, the plaintiff certainly should not have had the relief asked for. The fact that the plaintiff pleaded an agreement in writing, but relied, upon testifying, to an oral bargain, does not seem to make much difference under the ruling of the Court of Appeals, in April last, "that the proof by the plaintiff of an oral contract instead of a written contract did not constitute any such variance as required the court on the trial to dismiss the complaint." Brauer v. Ocean Steam Navigation Co., 178 N. Y. 339, 70 N. E. 863. Nevertheless, even under the most recent ruling, the writing alleged and put in evidence may not be disregarded. As it appeared in that writing—be it called paper, agreement, or contract (and "which as regards payment of the $1,500 * * * is all right")—that the amount was to be paid at the defendant's convenience in installments, of which the first was not to be due before the tearing down of the old buildings on the premises, and the last not before the completion of the loft building to be erected there, it was necessary to prove the happening of these incidents before the plaintiff could have judgment for a single installment, and both prior to judgment for all, besides having due regard for the defendant's convenience, under the ruling in a much-considered cause reported in Beardsley v. Cook (Sup.) 35 N. Y. Supp. 12. The judgment appealed from should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.