AMELIA E. LAUER et al., Respondents, *v.* BERNARD DUNN, Appellant.

By a contract between the defendant and one H. for the construction by the latter of certain buildings for the former, it was provided that eighty per cent of the stipulated price should be paid as the work progressed, and the remaining twenty per cent within thirty days after its final completion and acceptance by the architect. It was also provided that in case any liens should exist upon the property at the time any payment was to be made, such payment, or such part thereof as shall be equal to not less than double the amount of such liens, should not be payable at the stipulated times, notwithstanding anything in the agreement to the contrary contained. Upon the completion of the buildings there was due the contractor $750. Thereafter H. drew an order upon the defendant directing him to pay the plaintiffs, who had, as sub-contractors, performed part of the work, $700, and charge the same to the contract. Plaintiffs presented the order to the defendant, but it was not paid. A few days after liens were filed by various parties. In an action brought by plaintiffs upon the order, commenced more than thirty days after the completion of the buildings, plaintiffs were nonsuited. *Held*, error; that the order amounted in law to an assignment, *pro tanto*, of the fund in the owner's hands; that it having been made in good faith and for a valuable consideration, and notice thereof given to the owner prior to the filing of any lien, no subsequent liens could defeat plaintiffs' right to the money, and the owner would have been protected in its payment; that the provision

respecting the owner's right to retain double the amount of any lien filed. simply meant that if, when moneys were payable to the contractor, liens existed, the owner might reserve double the amount claimed under them from such moneys, and as no such liens existed plaintiffs were entitled to ɪecover.

Reported below, 52 Hun, 191.

(Argued June 20, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 12, 1889, which reversed an order of the Monroe County Court setting aside a verdict directed for the plaintiffs and granting defendant's motion for a nonsuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter S. Hubbell* for appellant. The giving of the order did not transfer to the plaintiffs any greater rights than Herle (the drawer) had. (*Cheney* v. *T. H. Assn.*, 65 N. Y. 282; *Conselyea* v. *Blanchard*, 103 id. 222; Jones on Liens, §§ 1289, 1502; *Morgan* v. *Stevens*, 6 Abb N. C. 356, 362; *Doughty* v. *Devlin*, 1 E. D. Smith, 625.)

*J. S. Garlock* for respondents. The order, presentation and demand constituted a binding and valid equitable assignment of the fund to the amount thereof, and the amount so assigned is not subject to the liens subsequently placed upon the property. (*Gunther* v. *Darmstadt*, 13 S. R. 145; *Y. S. D. Co.* v. *St. James Church*, 61 Barb. 489; *Brill* v. *Tuttle*, 81 N. Y. 454; *Gibson* v. *Lenane*, 94 id. 183; *Ehrichs* v. *De Mill*, 75 id. 370; *Schmittler* v. *Simon*, 101 id. 554; *Parker* v. *Syracuse*, 31 id. 376; *Alger* v. *Scott*, 54 id. 14; *Munger* v. *Shannon*, 61 id. 251: Derby's New Lien Law, §§ 1, 2, 24; *Powers* v. *City of Yonkers*, 22 N. Y. S. R. 769–774; *People ex rel.* v. *Stupp*, 49 Hun, 549.) No equities would be defeated by sustaining plaintiffs' claim to amount of the order. (*Morgan* v. *Stevens*, 6 Abb. N. C. 362; *Cheney* v. *Troy Assn.*, 65 N. Y. 282; *Conselyea* v. *Blanchard*, 103 id. 222–232; *Crane* v. *Genin*, 60 id. 127–132.) The order being drawn upon a par-

ticular fund, formal acceptance is not necessary. Notice of it is sufficient. (49 Hun, 549.)

Gray, J. Under a contract between the defendant, as owner of certain property, and one Herle, for the construction of several buildings, these plaintiffs, as sub-contractors, furnished labor and materials. The day after their completion, for a portion of the sum remaining due them, they received this writing from the contractor, Herle, viz.:

"Rochester, N. Y., *April* 19, 1888.

" Mr. B. Dunn:

" Please pay A. E. Lauer & Co. seven hundred dollars and charge to contract and oblige.

" WILLIAM HERLE."

Plaintiffs presented to defendant Dunn, the same day, their order, but, after some discussion about paying, he did not then accept it and put them off, and this suit is to recover the amount specified. There was due from the defendant to his contractor, on the completion of the buildings, the sum of $750, and there is no controversy on this head.

By the terms of the contract eighty per cent of the estimated value of labor and materials, furnished from time to time, was to be paid as the work progressed, and "the remaining twenty per cent of the contract-price within thirty days after the final completion of the work and its acceptance by the architect."

It was also provided in the contract that "in case any lien or liens * * * shall exist upon the property * * * at the time or times when * * * any payment is to be made such payment, or such part thereof as shall be equal to not less than double the amount of or for which such lien or liens shall or can exist, shall not be payable at the said stipulated times, notwithstanding anything in this agreement to the contrary contained."

The appellant argues that when the order was given nothing was due by him to the contractor, and, therefore, the order was inoperative to confer any right upon the plaintiffs. The

argument is based on the idea that because the contract gave
thirty days within which to make the final payments, after the
completion of the work, that period must expire before any-
thing could be said to be due to the contractor. A few days
after the giving of this order liens were filed by various
parties, and, if the order was not operative to assign to the
payees the right of the contractor to the moneys specified in
it, then the subsequent lienors would have a lien upon the
whole $750, payable to the contractor when the building was
completed. It was conceded on the argument that, if the
owner had paid the amount of the order to plaintiffs, when
presented by them, he would have been protected in so doing.
The proposition is undoubtedly true. The liability of the
property owner to lienors is limited by the lien law to the sum
remaining unpaid under the contract at the time of the filing
of the lien. Even where the owner has paid in advance of
the terms of his contract, in order to hold him to any liability
for so doing, it must be made to appear that he did so for the
purpose of avoiding the provisons of the act, or by some col-
lusion. (Laws 1885, chap. 342, §§ 1, 2.) No honest payment
of his debt by the owner, in conformity with the contract
between him and the building contractor, can be attacked by
subsequent lienors. The question, therefore, here is, whether
the order, which the contractor gave to these plaintiffs,
amounted in law to an assignment *pro tanto* of the fund in
the owner's hands. We think that it did. When the build-
ing was completed the contractor had earned his moneys,
though he might not be able to enforce payment thereof until
thirty days had expired. That provision for time we look
upon as one of grace to the owner. He was not bound to
wait, but he had the right to elect to do so. During the
running of that time other parties than the contractor might,
through the filing of their notices of lien, acquire the right
to be paid from the fund, but that consideration is not one
which influences the determination of the case. If, before
any liens were filed, the contractor had been paid, or had
assigned his interest in the fund, in good faith and for a

valuable consideration, in payment of a claim of the sub-contractor, and the owner is notified, no subsequent liens could operate to affect the owner with any further liability.

Had the plaintiffs filed a prior lien they would have accomplished the same result as was effected. I fail to see how the defendant, the owner, is at all interested in opposing payment to the plaintiffs. If he had paid them, he could not have been prejudiced by doing so. The provisions of the contract quoted, with respect to the owner's right to retain double the amount of any lien filed, were for his protection and meant simply that if, when moneys are payable to the contractor, liens exist, the owner may reserve double the amount claimed under the liens from the fund in his hands. The effect of the giving of the order in question was to substitute the plaintiffs as the recipients *pro tanto* of the balance payable to the contractor. Concededly it was earned under the contract, and the postponement of its payment, by the exercise of the owner's option, did not make it any the less a debt to the contractor, however possible for other legal claims to it to arise meanwhile. After notice of this order, which was, as we have said, in effect an assignment of the contractor's interest in the moneys in the owner's hands, the owner was bound to apply the fund to its payment and to no other purpose. Such was the rule asserted in *Brill* v. *Tuttle* (81 N. Y. 454), and which is well settled by authority. The questions are so fully discussed in the General Term opinion as to call for no further consideration here.

We think that it was error for the trial judge to set aside the verdict for the plaintiffs and to order a nonsuit, and the order of the General Term reversing that order should be affirmed, with costs.

All concur.

Order affirmed.