Marcus Hirshfield, Plaintiff, v. Maria Ludwig; Josiah Sulli-
van, Respondent; John H. Foley, Appellant, and Others,
Defendants. (Two Actions.)

*Assignment of a fund by an order drawn against it — liability of the drawee — his
right to a lien upon security held by him, is independent of the time of payment
of the order.*

When an order, drawn upon a particular fund named therein, has the effect *pro
tanto* of an assignment of the fund, it binds the fund in the hands of the
drawee from the date of the presentation or notice of such assignment, and
this is so whether the fund is in the hands of the drawee at the time of the
notice of the order or comes into his hands thereafter; in either case, the
drawee becomes primarily liable to the payee for the amount of the order as in
the case of an acceptance, and it is immaterial at what time the order is actually
paid; and the drawee will be entitled to maintain his lien by virtue of any
security he holds therefor, from the date when the indebtedness becomes his
own.

A loan association, on making a loan to be used in building operations on certain
premises, placed the money in the hands of its attorney to be advanced by him
to the borrower; the attorney taking a mortgage from the borrower, on other
premises, to secure whatever sums might become due him from the borrower.
Subsequent to the execution and recording of this mortgage, a person who
had furnished materials for a building on the mortgaged premises, filed a
mechanic's lien thereon, notwithstanding which lien an order which had been
drawn by the borrower, on the mortgagee, against the loan from the associa-
tion, before the filing of the mechanic's lien, was paid by the drawee after such
notice of lien had been filed.

In a proceeding for the distribution of surplus moneys arising upon the fore-
closure of a prior mortgage, the holder of the mechanic's lien claimed that
his lien was prior to that of the drawee of such order.

*Held,* that the drawee of the order was entitled to a lien in preference to that of
the mechanic's lienor.

Appeal by the defendant John H. Foley from an order of the
County Court of Monroe county, in each of the above-entitled
actions, entered in the office of the clerk of that county on the 2d
day of January, 1892, confirming as modified thereby the report of
a referee and directing the distribution of surplus moneys arising on
a sale in foreclosure.

*Geo. Truesdale,* for appellant Foley.

*H. W. Morris* for respondent Sullivan.

DWIGHT, P. J.:

There were two mortgages made by the defendant Ludwig to the plaintiff on several premises on Colvin street, in the city of Roches-ter. The foreclosure of the first mortgage produced a surplus of $575.15; of the second a surplus of $540.15. The controversy here is between the two defendants Sullivan and Foley in respect to the priority of their respective liens, both having been made defendants as lienors subsequent to the plaintiff. The referee to whom the matters in difference in this proceeding were referred, found and reported that the defendant Sullivan had liens by virtue of two mortgages on the premises in question, to the amount of $1,286.50, which were prior and superior to the liens of the defend-ant Foley. The County Court modified the report by striking out a single item of the defendant Sullivan's claim — which, however, did not reduce that claim below the total amount of the surplus moneys in hand — confirmed the report as so modified, and ordered the whole amount of surplus moneys, after providing for the expense of the proceeding, to be paid to the defendant Sullivan. It is from that order in each action that this appeal is taken.

The liens of the defendant Sullivan were by virtue of two mort-gages of $500 each, executed by the defendant Ludwig to him, on the same parcels of land, respectively, as those covered by the plain-tiff's mortgages. They were executed, respectively, on the 10th and 11th days of October, 1890, and were duly recorded — the former on the eleventh and the latter on the thirteenth day of the same month. They were given as general security for whatever sums might be or become due from Mrs. Ludwig to Mr. Sullivan.

The liens of the defendant Foley were for materials sold by him to Mrs. Ludwig and employed by her in the erection of buildings on the same lots, to the amount of $300 on each lot. His notices of lien were filed on the 16th day of October, 1890.

The defendants Sullivan and Foley filed the only notices of claim to the surplus moneys in question, and were the only parties repre-sented on the reference herein.

The indebtedness of Mrs. Ludwig to the defendant Sullivan arose by way of advances made by him to her, or for her benefit in connection with building operations other than those which gave rise to Foley's mechanic's liens. She had procured loans from two loan

associations in Rochester to the net amount of $4,270.75 on lots other than those covered by the plaintiff's and Sullivan's mortgages. Mr. Sullivan was the attorney for both of these associations and the money loaned by them was put into his hands to be advanced to Mrs. Ludwig as the buildings on the lots covered by their mortgages should progress to completion. On the 13th day of October, 1890, the entire net avails of these loans had been thus advanced to and for Mrs. Ludwig, and in addition thereto the sum of $390.50 from Mr. Sullivan's own funds, and on and before the twenty-fourth day of November he had made further advances to the amount of $100, under an express agreement of Foley that it should have precedence . as a lien, under the Sullivan mortgage, to the mechanic's lien of Foley. This made the sum of $490.50 for which the lien of Sullivan's mortgage was, unquestionably, superior to that of Foley under his notice as a material man.

The sole question in the case relates to the effect of certain orders which were drawn by Mrs. Ludwig on the funds in Sullivan's hands before the time when the liens of Foley attached, though not paid until after that time.

The facts bearing upon this question are that on the 24th day of June, 1890, Mrs. Ludwig drew on Mr. Sullivan in favor of a firm of lumber dealers, an order for the payment of $468.50, to be charged against the avails of the loan of the Monroe Avenue Association, and on the twenty-third day of August another order in favor of the defendant Foley himself, for $537, payable out of the fund arising from the loan of the Park Avenue Association. She also drew an order in favor of a firm known as Vogel & Binder for $275, which was in general terms and not payable out of any particular fund. Sullivan paid all three of these orders at dates varying from May to August, 1891. The referee classed the Vogel & Binder order with the other two and gave to it the same effect in determining the amount of Sullivan's lien. The county judge, on the other hand, distinguished it from the others by the fact that it was not drawn against a particular fund. The question need not be discussed here, because to exclude the third order still leaves the amount paid by Sullivan in excess both of the surplus moneys upon which he asserts a lien and of the two mortgages upon which his lien is based.

Upon these facts we concur with the learned County Court in the conclusion that the defendant Sullivan was entitled to a lien in preference to that of the defendant Foley, to the full extent of the two mortgages held by the former. The ground of this conclusion, as already foreshadowed, is that each of the two orders first mentioned being drawn upon a particular fund named therein, had the effect of an assignment *pro tanto* of that fund and bound it in the hands of the drawee from the date of the presentation or notice of such assignment (*Brill* v. *Tuttle*, 81 N. Y. 454; *Lauer* v. *Dunn*, 52 Hun, 191; S. C., 115 N. Y. 405); that such was the case whether the fund was in the hands of the drawee at the time of notice of the order, or came into his hands thereafter; that in either case the drawee became primarily liable to the payee for the amount of the order as in the case of acceptance; that it is immaterial at what time the order was actually paid and that the drawee is entitled to maintain his lien by virtue of any security he holds therefor from the date when the indebtedness thus becomes his own. These propositions seem to result necessarily from the doctrine of the cases cited, and they lead to an affirmance of the order appealed from.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Order of the County Court of Montgomery county appealed from affirmed, with costs.