(24 Misc. Rep. 390.)

### HAFNER v. KIRBY.

(City Court of New York, General Term. August 6, 1898.)

ORDER—ACCEPTANCE—ASSIGNMENT OF FUNDS.

    If a contractor, to whom a balance is due for building a house, draws an order upon the owner for a portion thereof, in favor of one who has furnished him with materials for the work, and delivers it to the latter, who procures its acceptance by the drawee, this amounts in law to an assignment pro tanto of the fund due under the building contract; and a subsequent assignment from the contractor to a third party of his right, title, and interest under the contract cannot affect the rights thus acquired under the accepted order.

Appeal from special term.

Action by Annie F. Hafner against Michael F. Kirby. From a judgment entered on the opinion of a justice, defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

Ennever & Trautman, for appellant.

John G. Ritter, for respondent.

SCHUCHMAN, J. The action was originally brought against one William S. Anderson, and on his motion the defendant was interpleaded. From the complaint it appears that one Frederick Hafner (plaintiff's assignor) had a contract with one William S. Anderson to roof for said Anderson six houses on 106th street, for the sum of $1,800, all of which had been paid except the balance of $350; that, before the commencement of the action, said F. Hafner assigned all his right, title, and interest in said contract to the plaintiff.

The facts according to the findings are as follows:

Frederick Hafner had a contract with William S. Anderson to do the roofing of six houses on 106th street, New York City; that towards that work the Phillips' Tin-Plate Company furnished material. The contract was $1,800, upon which there was due at the time of the commencement of the action $350. Frederick Hafner owed the Phillips Tin-Plate Company more than $500 on August 18, 1896. The defendant was the agent in the employ of the Phillips Tin-Plate Company, which Frederick Hafner knew. Said Frederick Hafner being thus indebted to the Phillips Tin-Plate Company, the defendant, as agent for the said company, called upon said Frederick Hafner on August 1, 1896, and, as such agent, demanded payment from said Frederick Hafner of the amount due said Phillips Tin-Plate Company; and thereupon the said Hafner made, executed, and delivered to defendant, for and on behalf of said Phillips Tin-Plate Company, the following order:

"New York, August 1, 1896.

"Mr. William S. Anderson—Dear Sir: Please pay to Mr. Kirby, my tin man, $350 out of my payment.

"Yours, &c.,                                      F. Hafner.
"Accepted.                                W. S. Anderson."

The defendant received said order from Frederick Hafner, and took it to Anderson, upon whom it was drawn; and said Anderson accepted said order, writing thereon, in the presence of the defendant, the words, "Accepted. W. S. Anderson," and left the order with said Anderson. The order was given to, and accepted by, the defendant, on behalf of the Phillips Tin-Plate Company, and in part payment of their bill. The assignment of Frederick Hafner to his wife, the plaintiff, was made on December 14, 1896, four months and fourteen days subsequent to the said order.

The said order amounted, in law, to an assignment, pro tanto, of the fund due by Anderson to Frederick Hafner under the contract. Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229. The assignment to the plaintiff,

being subsequent to said order, and assigning all the right, title, and interest of Frederick Hafner, cannot defeat the rights of the defendant acquired as aforesaid by said order. Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. 870; Fortunato v. Patten, 147 N. Y. 277–283, 41 N. E. 572.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event.

OLCOTT, J., concurs.