(99 App. Div. 465)

### ARMSTRONG v. CHISOLM et al.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. EQUITABLE ASSIGNMENT—ORDERS ON PARTICULAR FUNDS—MECHANICS' LIENS—ASSIGNMENT FOR CREDITORS.

Orders drawn by a building contractor on the owner in favor of a subcontractor, payable from particular funds due on the contract, give the drawee inchoate rights in the funds, which become absolute, as against the contractor's subsequent general assignment for the benefit of creditors, on the filing of the orders, with notice of lien, in the office of the county clerk, as provided by Mechanics' Lien Law, Laws 1885, p. 587, c. 342, § 5, as amended by Laws 1896, p. 981, c. 915.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by James Armstrong against Mary A. Chisolm and others. From the judgment rendered, Charles N. Talbot, assignee of Andrew J. Robinson for the benefit of creditors, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Francis Woodbridge, for appellant.

Duncan Edwards, for respondent.

LAUGHLIN, J. The action was brought to foreclose a mechanic's lien. The sole controversy is between the assignee for the benefit of creditors of the general contractor and a subcontractor to whom the general contractor delivered orders upon the owner, claimed to be equitable assignments, which were presented for payment, but not filed in the office of the county clerk prior to the making of the general assignment. Robinson was the general contractor, but he was doing business under the name of Robinson & Wallace. He contracted with the owner to make certain alterations in the Inverness apartment house, Fifty-Seventh street and Seventh avenue, New York City, upon a commission basis; that is to say, the owner was to reimburse him for moneys expended for materials and labor, and, as compensation for his services, pay 15 per cent. upon the entire cost. It was agreed that a separate estimate of each portion of the work should be submitted by the contractor to the owner for approval before the work should be done, or contract therefor let. Robinson let the contract for the plastering work to one Miller. On the 26th day of February, 1900, there was a balance of $490 due under this contract, and the further sum of $1,202.80 for extra work; the price having been adjusted by mutual consent of the owner, contractor, and subcontractor at that amount. On that day the contractor signed and delivered to Miller, the subcontractor, an order of that date in the following form, addressed to the owner and to her attorney in fact, to wit:

"Please pay to H. W. Miller or order for our account the sum of four hundred and ninety dollars ($490), the balance due him under his contract for plastering at the Inverness Apartment House, 57th Street & Seventh Avenue, and charge said payment to our account."

On the same day he signed and delivered another order to Miller, in payment for the extra work, dated and addressed in the same manner, to wit:

"Please pay to H. W. Miller or order for our account the amount as adjusted by Mr. William N. Elbert, Superintendent, for extra work done by him at the Inverness Apartment House, 57th Street and Seventh Avenue, and charge said payment to our account."

These orders were presented at the office of the attorney in fact for the owner, and, in his absence, left with his clerk, at 3 o'clock in the afternoon of the same day. At 6 o'clock that evening the general contractor made an assignment for the benefit of creditors to the appellant, Talbot, which was filed in the office of the county clerk at 9:10 the next morning. The assignee entered upon the discharge of his duties, and thereafter, and upon the 9th day of March, the owner notified the payee of the orders that payment thereof would be refused.

The assignee for the benefit of creditors contends that these orders did not constitute equitable assignments of the funds, and that he is entitled to the balance owing on the contract. If the orders constituted equitable assignments of funds owing on the contract, they became effectual and enforceable against the owner of the property upon notice, and without acceptance. Hirshfield v. Ludwig, 69 Hun, 554, 24 N. Y. Supp. 634; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Williams v. Edison El. Co. (Com. Pl.) 16 N. Y. Supp. 857. The orders were made for value, delivered to the payee, and presented to the owner, through her authorized agent, prior to the execution of the general assignment. These specific moneys were concededly due on the contract and for extra work, respectively. The orders refer to the contract, and, although they do not in express terms direct that the amounts be charged to the contractor on account of this particular contract, yet that is plainly what was intended by the drawer, and what must have been understood by the owner. There is no evidence of any other dealings between the parties, nor is there any evidence upon which the inference might be predicated that the contractor had any other account or general credit with the owner. The contract between the owner and Robinson provided that "all payments shall be made upon written certificates to the effect that such payments have become due." It is evident that these orders were intended to comply with that provision of the contract. If it had been intended to draw the orders on the general credit of the contractor, then it would have been unnecessary to refer to the basis of the drawer's indebtedness to the payee, because that would not concern the owner. Since the orders were not drawn upon the general credit of the contractor, but upon particular funds due and owing upon the contract, they constituted equitable assignments of such funds, unless the statute rendered them invalid until filed, and title thereto immediately passed to the payee. Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270.; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229; Bradley

Carrier Co. v. Ward, 15 App. Div. 386, 44 N. Y. Supp. 164; Kennedy v. McKone, 10 App. Div. 88, 41 N. Y. Supp. 782.

Neither the orders, nor copies thereof, were filed in the office of the county clerk until the 14th day of March. It is manifest that, notwithstanding the general assignment, Miller might have subsequently filed a mechanic's lien, and have thus become entitled to the moneys. Kane Company v. Kinney, 174 N. Y. 69, 66 N. E. 619.

Prior to the amendment of section 5 of the mechanic's lien law of 1885 (Laws 1885, p. 587, c. 342) by chapter 915, p. 981, of the Laws of 1896, providing, in substance, that no assignment of the contract, or of the money due or to grow due thereunder, and no order drawn by the contractor upon the owner for the payment of any such money, should be valid until the contract, or a statement of its substance, and such assignment, or a copy of each, or a copy of the order, was filed in the county clerk's office in the county where the property improved or to be improved was situated, an equitable assignment of the whole or any part of the fund could be made by the contractor, which would take precedence over liens subsequently filed. Bates v. Salt Springs Nat. Bank, 157 N. Y. 322, 51 N. E. 1033; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948. This beneficent provision of law, which was subsequently incorporated in section 15 of the lien law (chapter 418, p. 521, Laws 1897), was not made for the protection of contractors who might make such assignments or draw such orders, but for the security of those furnishing labor or material upon the strength and credit of the contract, and others taking like assignments or orders without notice of the assignment of an interest in the contract, or of the moneys payable thereunder. In Kane v. Kinney, supra, the court say, "In cases of a contest between a lienor and a general assignee for the benefit of creditors, the circumstance that the fund may have been, and generally is, earned by the labor or expenditure of the person filing a mechanic's lien, is entitled to some weight," and hold that the assignee for the benefit of creditors stands in the place of the assignor, with no other or greater right, and takes the property subject to every equity and claim that might have been asserted by third parties. It was held in that case that an assignee for the benefit of creditors of a general contractor took the property subject to the right of laborers and materialmen to subsequently file mechanic's liens for work performed prior to the assignment. Although the lien law expressly declared that the person filing a notice of lien should only have a lien "from the time of filing the notice," which might be filed during the progress of the work or furnishing of the materials, or within 90 days thereafter (sections 3 and 10), the court declared that laborers and materialmen had, prior to filing the lien, an unperfected or inchoate right to a lien, which became perfected, complete, and absolute, as against the contractor and his general assignee, on filing the notice of lien as prescribed by statute. I am of opinion that this rule should be applied here. Prior to the general assignment, the payee of the orders had acquired inchoate rights, at least, which neither the contractor nor his assignee could prevent his completing and per-

fecting by filing the orders as required by this statute, even if compliance therewith were necessary as against the owner or his general contractor. If the assignments were not valid, even as against the general assignee of the contractor, until filed, which is by no means certain, and it is unnecessary to decide, still the assignee took title subject to the right of the payee to file the assignment and perfect his right to the fund.

It follows therefore that the judgment should be affirmed, with costs. All concur, except O'BRIEN, J., who dissents.