(67 Misc. Rep. 293.)

KERTSCHER & CO. v. GREEN et al.

(Supreme Court, Special Term, New York County. April, 1910.)

MECHANICS' LIENS (§ 207*)—AGREEMENT TO WAIVE—CONSTRUCTION OF CONTRACT.

An agreement in a building contract not to suffer or permit a mechanic's lien to be filed or remain on the property is not a waiver of the contractor's statutory right to file a lien on his own behalf.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 381; Dec. Dig. § 207.*]

Action by Kertscher & Co. against Samuel Green and others to enforce a contractor's lien. Judgment for plaintiff.

Phillips & Avery, for plaintiff.
Strauss & Anderson, for defendants Green and Monolith Realty Co.
Stewart & Shearer, for defendants Minturn and United States Trust Co. of New York.
Lyman E. Warren, for defendant E. R. Taylor Co., Incorporated.

FITZGERALD, J. It is claimed that plaintiff, by the terms of his contract, agreed to waive his statutory right to file a lien. Scheid v. Rapp, 121 Pa. 593, 15 Atl. 652, Long v. Caffrey, 93 Pa. 526, and Matthews v. Young, 16 Misc. Rep. 525, 40 N. Y. Supp. 26, are cited in support of this proposition.

By the contract in Matthews v. Young, supra, plaintiff had unequivocally and by precise words waived his right to file a mechanic's lien, and my attention has not been called, nor have I been able to find, any case in this state which holds that an agreement "not to suffer or permit a mechanic's lien to be filed or remain on the property" has been held as a waiver of a party's right to file a lien on his own behalf. To prevent the contractor from filing a lien against the building there must be an express covenant against liens, or a covenant resulting as a necessary implication from the language employed, and the implied covenant should so clearly appear that "the mechanic or materialman can understand it without consulting a lawyer as to its legal effect." Schmid v. Palm Garden Imp. Co., 162 Pa. 211, 29 Atl. 727.

In Lauer v. Dunn, 52 Hun, 191, 5 N. Y. Supp. 161, affirmed 115 N. Y. 405, 22 N. E. 270, it was held that the provisions of a contract allowing the defendant to withhold payment in case a lien should be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

created did not apply to a lease to secure a debt that the builder himself might have against the defendant.

In Long v. Caffrey, supra, there appears to have been a contract similar in character.

The conclusion forced upon me by the voluminous testimony of the witnesses and the many letters exchanged between the parties during the progress of the work is that the delays in performance were not attributable to plaintiff, and it is practically undisputed that the materials furnished were of good quality and that the work was done in a good and workmanlike manner.

Judgment for plaintiff for $9,590.62. Counterclaim dismissed. Costs and allowances to be determined upon settlement of judgment upon notice.

Judgment for plaintiff.